P. O. NAIL AND L. C. BRASWELL, PARTNERS DOING BUSI-
NESS IN THE FIRM NAME OF P. O. NAIL & CO., P. O.
NAIL, L. C. BRASWELL AND D. W. CURRIE, *Plaintiffs
in Error,* v. FRANK S. BROWNING, *Defendant in
Error.*

## Opinion Filed February 9, 1917.

1. Where no return for taxation is made to the Tax Assessor
   on or before April 1st, of each year, the lands must be as-
   sessed as "unknown," and an asesssment made in the name of
   a person who made no return and who acquired no interest
   in the property until after April 1st, is not authorized by
   the statute.

2. The statute gives the Assessor until the first Monday in July
   to complete the clerical work on the assessment roll, but
   fixes April 1st as the last date when the owner may require
   property to be assessed in his name.

3. The duty of mailing notices of applications for tax deeds
   is mandatory, and the official charged with that duty must
   make diligent effort to ascertain the proper address of the
   party or parties to whom the notices must be sent, and mail-
   ing such notices to the wrong person, or to an improper
   address, is not such a compliance with the provisions of
   Sections 574 and 575 of the General Statutes of Florida
   as will give the holder of a tax deed issued by virtue of
   such notice, a valid title.

4. Diligence in the discharge of their duties is required of public
   servants, particularly where the rights of owners of property
   may be jeopardized by their neglect, and their obligation to
   the public is not discharged by a mere perfunctory perfor-
   mance of official acts.

Writ of Error to Circuit Court for Putnam County;
Jas. T. Wills, Judge.

Judgment reversed.

*Hilburn & Merryday* and *A. H. Odom,* for Plaintiffs in Error;

*A. V. Long* and *J. E. Futch,* for Defendant in Error.

BROWNE, C. J.—The defendant in error, plaintiff below, brought an action of ejectment in Putnam County against P. O. Nail & Co., and P. O. Nail, L. C. Braswell, A. J. Melson and D. W. Currie, to recover certain lands described in the declaration. The defendants pleaded "not guilty," except A. J. Melson, as to whom an order of dismissal was made on request of plaintiff.

On the completion of the testimony the Circuit Judge gave the following charge: "The Court having determined the question of title and right of possession in this case, instructs you that you have nothing to determine except the amount of damages which the plaintiff should recover for the detention of the lands in question. The Court has prepared a form of verdict for you to sign after filling in the space provided for the amount of damages." Whereupon the jury found for the plaintiff and awarded $467.00 as mesne profits.

Writ of error was sued out and the following errors are assigned:

"1. That the court erred in refusing to charge the jury to find a verdict for the defendants.

"2. That the court erred in charging the jury to find a verdict for the plaintiff.

"3. That the court erred in denying the defendants' motion for a new trial.

"4. That the court erred in adjudging the right of possession and title to the property to be in the plaintiff when the defendant, A. J. Melson, a party alleged by the plaintiff to be in possession of said property, was

never served with process and was not before the court."

Plaintiff introduced in evidence tax deeds for the land described in the declaration, based upon tax sales made July 1st, 1912, and certain tax sale certificates. He also introduced evidence to prove the rental value of the lands.

To meet the prima facie case thus made out, the defendants offered evidence to prove that the tax deeds were void because the property was sold by virtue of illegal assessments, and for failure of the Clerk of the Circuit Court to give notice to proper parties of the application by plaintiff for tax deeds.

It is undisputed that R. L. Campbell was the owner of the lands in controversy on January 1st, 1911, and had been such owner for a number of years prior thereto. That he conveyed the lands to P. O. Nail on March 7th, 1911. On May 23rd, 1911, Nail conveyed to D. W. Currie an undivided half interest in the premises, and on March 30th, 1912, he conveyed the other undivided half interest to the same party. On November 27th, 1911, Currie deeded all the land to A. J. Melson of New York City. Currie testified that the first interest he ever had in the property was such as he acquired under the deed from Nail to him on May 23rd, 1911; that when he conveyed it to Melson on March 27th, 1911, he had purchased from Nail the other half interest, but the deed was not made to him until March 30th, 1912. That the lands for which the plaintiff Frank S. Browning held tax deeds were assessed in 1911 as the property of D. W. Currie, and in 1913 were assessed to A. J. Melson, and the assessment rolls for that year had come into the Clerk's office when the application for a deed was made by Browning, and that they continued to be assessed to him until he sold them in 1915. Defendants further

proved by the Deputy Clerk of Putnam County that he sent out all the notices that were mailed in relation to the issuance of these two deeds; that he sent notices of the application to R. L. Campbell, who was the last man paying taxes on the lands, and to A. J. Melson, at Yelvington, Fla; that from notations made at the time the deeds were issued, and from the method he employed, he does not think he sent notices to D. W. Currie or to P. O. Nail and Co., or to any member of that firm. A. J. Melson never lived in Yelvington, or in the State of Florida; never received any mail at Yelvington, and was never in Yelvington or in the State of Florida but twice in his life.

R. L. Campbell died May 27th, 1914. Application for tax deeds was made July 10, 1914.

The questions involved in this case are:

1. Was the assessment of the lands in controversy to D. W. Currie a valid assessment?

2. Were the notices which were sent to D. W. Currie and A. J. Melson a compliance with the law governing the issuance of tax deeds?

3. If not are they such violation of the law, as will overcome the prima facies "of the regularity of the proceedings from the valuation of the land * * * to the date of the deed?"

Section 16, Chapter 5596, Acts 1907, makes it "the duty of every person owning or having control, management, custody, direction, supervision or agency of property * * * subject to taxation * * * to return the same for taxation * * * on or before the first day of April;" and Section 20 of same act provides that "When the land has not been returned for assessment on or before the first day of April in each year, by the owner or legal representative of the owner, the County Assessor of

Taxes shall enter the word 'Unknown' in the column of the assessment roll provided for the name of the owner, or his or her legal representative." It is very clear that where no return has been made to the Assessor, he must assess it as "Unknown;" and if he does otherwise, and, as in this case, assesses it to a person who made no return, and who owned no interest therein until May 23rd, 1911, such assessment is void. While the statute gives the Assessor until the first Monday in July in which to complete the assessment rolls, it places April 1st as the last date when the owner of property may require it to be assessed in his name. Currie, to whom this property was assessed, could not make return of it between January 1st and April 1st, for he did not own any interest in it until May 23rd of that year. Notwithstanding this the tax assessor entered his name in the column provided for the name of the owner, in clear violation of the requirements of the statute.

It is settled in this State that "a valid assessment of lands in accordance with the laws regulating assessments is necessary and indispensable to make good the title of a purchaser at a tax sale" (L'Engle v. Wilson, 21 Fla. 461; McKeown v. Collins, 38 Fla. 276, 21 South. Rep. 103; Stackpole v. Hancock, 40 Fla. 362, 24 South. Rep. 914) and the prima facies of the regularity of the proceedings from the valuation of the land to the date of the deed is overcome by proof of a tax roll showing a void assessment of the land. Daniel v. Taylor, 33 Fla. 636, 15 South. Rep. 313.

The second point relied on by plaintiffs in error is that the notice of application for a tax deed required by Sections 574-575 General Statutes of 1906, was not given. Section 575 contains this mandatory requirement: "The Clerk shall also mail a copy of said notice of

application for tax deed to the owner of the lands for which a tax deed is applied for. If the owner is unknown, then such notice shall be delivered or mailed to the person last paying taxes on said property." A. J. Melson was the owner of the land at the time application for Tax Deed was made. R. L. Campbell was the person last paying the taxes.

On December 29, 1911, there was recorded in the Clerk's office of Putnam County a deed to Melson, in which he was described as "of the City of New York, County of New York, and State of New York," yet the Clerk mailed the statutory notice to him at Yelvington, Florida. He also sent a notice to a dead man, R. L. Campbell, who was the person last paying the taxes on the property. The duty of mailing the notices provided for by the statute is not perfunctory, and the official charged with that duty should make diligent effort to ascertain the address of parties to whom the notices are to be sent. Melson was a large land owner in Putnam County, and his address could have been readily ascertained by the Clerk from the archives of his own office, or by personal inquiry; and he should have exhausted all means to ascertain it. Diligence in the discharge of their duties is required of public servants, particularly where the rights of owners of property may be jeopardized by their neglect, and their obligation to the public is not discharged by a mere perfunctory performance of official acts.

In the case of Montgomery v. Marydale Land & Lumber Co., 46 La. Ann. 403, 15 South. Rep. 63, the court held that "mailing notice required by law to another postoffice than that of the person's residence, was not a compliance with the law." To hold otherwise would destroy the purpose of the law requiring the giv-

ing of notice by mail. This court has held in a number of cases that the failure to give the notice required by the statute, renders the tax deed void. Starks v. Sawyer, 56 Fla. 596, 47 South. Rep. 513; Clark-Ray-Johnson Co. v. Williford, 62 Fla. 453, 56 South. Rep. 938; Johnson v. DuPont, 63 Fla. 200, 57 South. Rep. 670.

As the assessment of these lands to D. W. Currie was void as against the owner A. J. Melson, the tax deeds issued by virtue thereof to Frank S. Browning conveyed no title to him, and the court erred in refusing the motion to direct a verdict for the defendants, and in directing a verdict for the plaintiff.

The judgment of the court below is reversed.

TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.