CHARLES H. PRATT, *Appellant,* v. F. W. POPE, *Appellee.*

Opinion Filed August 4, 1919.

1. A failure to comply with those provisions of tax laws which · are intended for the protection of the citizens, and to prevent a sacrifice of his property, and where a disregard of them might and generally would injuriously affect his rights will render the proceeding invalid.

2. Diligence in the discharge of their duties is required of public officers, particularly when the rights of owners of property may be jeopardized by their neglect, and their obligations to the public are not discharged by a mere perfunctory performance of official acts.

An Appeal from the Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Decree reversed.

*Massey & Warlow,* for Appellant;

*F. W. Pope,* for Appellee.

JONES, Circuit Judge.—The appellant, Charles H. Pratt, filed his bill in the Circuit Court for Volusia County against F. W. Pope, the appellee, to remove cloud from titles. It is alleged in substance that appellant acquired title to a certain lot of land situated in the City of Day-

tona in Volusia County, Florida, in February, 1913, and that appellant is still the owner of and in actual possession of said lot; that on or about the 7th day of June, 1915, the tax collector of Volusia County sold said lot at public sale for the unpaid taxes due on said lot for the year 1914 to the appellee and issued to him a tax sale certificate therefor; that on July 9th, 1917, the Clerk of the Circuit Court of Volusia County conveyed to appellee by tax deed the said lot, which deed was based upon said tax sale certificate; that said deed is illegal and in derogation of the rights of the appellant because the clerk did not mail to appellant a copy of the notice of the application for the tax deed; nor did he deliver or mail such notice to the person last paying taxes on the said property. The appellant offers to repay to appellee all taxes that he has paid on said property with interest, and prays that the tax deed be decreed to be null and void.

Answer was filed, which presents the question of the validity of the tax deed. Testimony was taken, and upon final hearing the chancellor found the equities in favor of appellee and dismissed the bill. Complainant appealed.

The undisputed testimony shows that the appellant had owned the lot since February, 1913, and was in actual possession by tenant; that the post office address of appellant for the past five years was 105 Grant St. East Weymouth, Massachusetts; that he had never resided in Daytona, Fla., and that Daytona had never been his post-office address; that he had paid taxes due on said lot to the city, State and county for the years 1915-1916, and the city taxes for the year 1917; that he had not at the time of testifying paid State and county taxes for 1917, because he had not received notice of amount due; that he received notice by mail from the tax collector of amount

due for taxes the previous years for which he had paid, and upon receipt of such notice would pay the taxes by sending a cashier's check direct from himself at East Weymouth, Mass., to the county tax collector and in return receive tax collector's receipt for same; that he had regularly and promptly paid all tax bills rendered to him on account of said property, and that had he received any notice or had been informed in any way that the taxes for 1914 were due and unpaid, he would have immediately paid same; that he never received any notice from the Clerk of the Circuit Court of Volusia County, or any notice whatever that the property had been sold for taxes, and that the appellee had applied for tax deed; that he had no knowledge that the property had been sold for taxes until he received information from his tenant that appellee claimed title to the property.

It also appears that the deed conveying title to the lot describing the grantee as Charles Henry Pratt, of Norfolk County, Massachusetts, as party of the second part was duly recorded in the public records of the Clerk's office of Volusia County on the 12th of February, 1913.

The testimony further shows that notice of application for tax deed was published in a newspaper at Daytona and that a copy of the notice was mailed by the Clerk of the Circuit Court in an envelope with return card addressed to Charles H. Pratt, Daytona, Fla.; that the Clerk did not know whether appellant received the notice and does not know whether the envelope contianing the notice was returned to him; that if returned it was cast into the waste basket and destroyed. The Clerk testified that he sent the notice to appellant at Daytona because the property is located there and because it was his usual course to send notices by mail to where the

property is located. The deputy tax assessor and tax collector each testified there has been no address of the appellant in the official records of his office, nor any record from which such address could be obtained.

Did the Clerk in the circumstances as set forth by the evidence perform his official duty as regards the mailing to appellant the notice as required by statute is the only question presented for determination.

Section 574, General Statutes of Florida, 1906, provides that no tax deed for land sold for taxes shall issue until the Clerk of the Circuit Court shall have given the notice by publication or posting as therein prescribed. Section 575 requires that "The Clerk shall also mail a copy of said notice of application for tax deed to the owner of the lands for which a tax deed is applied for. If the owner is unknown then such notice shall be delivered or mailed to the person last paying taxes on said property." The provisions of the two statutes referred to are for the protection of the citizen. It is the settled law of this State that a failure to comply with those provisions of tax laws which are intended for the protection of the citizen, and to prevent a sacrifice of his property, and where a disregard of them might and generally would injuriously affect his rights, will render the proceeding invalid. McLeod v. Williams, 73 Fla. 338, 74 South. Rep. 408.

The statute requiring the Clerk to mail a copy of the notice of application for tax deed to the owner if known is mandatory, and as was said in case of Nail v. Browning, 73 Fla. 316, 74 South. Rep. 315. The official charged with that duty must make diligent effort to ascertain the proper address of the party or parties to whom the notices must be sent, and mailing such notices to the wrong per-

18—Vol. 78

son, or to an improper address, is not such a compliance with the provisions of Sections 574 and 575 of the General Statutes of Florida of 1906 as will give the holder of a tax deed issued by virtue of such notice a valid title.

In this case the name of the owner was known. The lot was improved and occupied by a tenant. The deed by which appellant acquired and held title to the property had been of record in the Clerk's office since February, 1913, and gave his residence as Norfolk County, Massachusetts. From East Weymouth, Mass., appellant had corresponded with the tax collector and paid to him the taxes becoming due on the lot for two consecutive years subsequent to the sale of the property for taxes, and had paid the city taxes for 1917. The notice was mailed by the Clerk to an improper address. There is no evidence that he made any inquiry or the slightest effort to ascertain the proper address of the owner. To the contrary he says his usual course is to mail the notice to the place where the property is located. The usual and perfunctory course adopted by the Clerk of mailing the notice to the place where the property is located without regard as to where the owner may reside is not a compliance with the statute when such place is not the proper address of the owner and no sufficient effort has been made to ascertain his proper address.

"Diligence in the discharge of their duties is required of public servants, particularly where the rights of owners of property may be jeopardized by their neglect, and their obligation to the public is not discharged by a mere perfunctory performance of official acts." Nail v. Browning, *supra*.

Because of the failure to mail the notice of application for tax deed to the owner at his proper address,

which address we think could have been ascertained by the exercise of due diligence, the Clerk was without authority to execute the tax deed.

The decree appealed from should be reversed.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.