PALM COURT CORPORATION, a Florida Corporation, *Plaintiff in Error*, vs. LILLIE M. SMITH, *Defendant in Error*.
137 So. 234.
En Banc.
Opinion filed October 21, 1931.

*McCune, Hiaasen & Fleming,* for Plaintiff in Error;
*Farmer & Grantham,* for Defendant in Error.

MATHEWS, COMMISSIONER:—This case comes here upon writ of error from a final judgment which was rendered in the Circuit Court of Broward County upon a demurrer to the first, second and fifth counts of plaintiff's amended declaration.

The fifth count of the amended declaration alleges in substance that the plaintiff delivered to the defendant a check in the amount of $1,028.50 payable to the order of the defendant, who was then and there tax collector of Broward County, Florida, in payment of certain taxes upon certain land described in the declaration; that this check was drawn upon the Fort Lauderdale Bank and Trust Company of Fort Lauderdale, Florida, and was delivered to the defendant during the business hours of February 11th, 1928; that the office of the defendant tax

collector was located approximately two city blocks from the banking offices of the drawee bank; that said check wes delivered by the plaintiff to the defendant at the invitation and solicitation of said defendant, and that said check was delivered by the plaintiff to the defendant to be used and applied by the defendant according to instructions given by the plaintiff to the defendant, and said instructions given by the plaintiff to the defendant were that the defendant would use and apply said check in the payment of County and State taxes on said lands; that the check was accepted by the defendant and the defendant agreed she would use the check for said purposes; that the said defendant entered upon and undertook to carry out the instructions of the plaintiff so given, and executed and delivered to the plaintiff a tax receipt showing the payment of the taxes on the aforesaid property so assessed; that the Fort Lauderdale Bank and Trust Company, the drawee bank, closed its doors February 16, 1928, and a receiver was appointed; that the check was not presented at any time between February 11, 1928, when it was accepted by the defendant, and February 16, 1928, when the bank closed; that at all times during said period plaintiff had sufficient funds on deposit in the bank to pay this check, and that the check would have been paid if presented; that the defendant had but two city blocks to go in order to present said check to said bank but that the said defendant negligently and carelessly failed to present said check for payment, on August 6th, 1928, sold the property for non-payment of taxes.

The amended declaration contains five counts. The first and second counts differ from the fifth count in that they are predicated upon the breach of a contractual duty of a gratuitous bailee and not in tort. The third and fourth counts are common counts for money paid and money received.

Several errors assigned relate to the court's ruling in sustaining the defendant's demurrer to the first, second and fifth counts of the amended declaration and entering final judgment thereon.

We have held that diligence in the discharge of their duties is required of public servants, particularly where the rights of owners of property may be jeopardized by their neglect, and their obligation to the public is not discharged by mere perfunctory performance of an official act. Nail v. Browning, 73 Fla. 316, 74 So. 315; Pratt v. Pope, 78 Fla. 270, 82 So. 805.

This action is against the defendant individually and not in her official capacity.

We agree with the holding of the Supreme Court of Missouri, in Chouteaw v. Rowse, 56 Mo. 65, which is that where a taxpayer has funds in a bank sufficient to pay his taxes, and the collector receives his check for the amount and fails ao present the check in due time at the bank, and the institution afterwards fails, the collector must bear the loss. What may be due time in which the collector must present such check may depend on the facts in each case. And if after receipt of the check and failure to present the same in due time, as hereinbefore stated, the collector returns the tax delinquent and the taxpayer is compelled to pay them with another appropriation of money, the collector becomes liable for whatever damages the drawer of the check suffers if he suffers any.

Errors are assigned upon the judgment of the court below in dismissing the cause as to the common counts for failure to file a more definite bill of particulars.

The defendant moved the court to require the plaintiff to amend his bill of particulars as to the common counts so as to set forth therein the time, place and circumstances under which the money sued for was paid to defendant and the time, place and circumstances under

which the money sued for was received by the defendant. This motion was granted and an order made requiring the plaintiff to amend his bill of particulars to conform to the motion. Subsequently, the plaintiff having failed to comply with this order, the court below made a further order dismissing the cause as to the common counts.

The right to require a better bill of particulars rests within the sound judicial discretion of the court. 3 Enc. Pl. & Pr. 524; Groves v. McLaurin, 66 Fla. 230, 63 So. 439.

It has not been made to appear that the court below abused its discretion in ordering a better bill of particulars to be filed and dismissing the cause as to the common counts for failure to comply with the order.

The court below erred in sustaining the demurrer of the defendant to the first, second and fifth counts of the amended declaration and entering judgment upon the demurrer.

The judgment of the court below is reversed and the cause remanded for further proceedings not inconsistent herewith.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929, Ex. Sess., adopted by the court as its opinion, it is considered, ordered and decreed by the court that the judgment of the court below should be, and the same is hereby reversed and this cause is remanded for further proceedings not inconsistent with the opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.