THOMAS, Justice.
The appellant filed a bill of complaint in which he prayed that a certain decree of the circuit court, quieting title to tax delinquent property in the county, and a subsequent deed from the county, conveying property obtained in the quiet title suit, to Ervin P. Ray and his wife, be set aside. The court found in the instant case that all the material facts were admitted and that the appellees should prevail so he denied appellant’s motion for summary final decree and dismissed the bill after considering the merits of the controversy.
The appellant is administrator of the estate of Leona O’Hair Mullin who, in 1925, became an owner of the property involved in the litigation by a deed creating an estate by the entirety. The husband, George E. Mullin, predeceased his wife, and she became sole owner of the land. From the time of purchase until he died the husband paid all taxes on the property. It was alleged the tax records showed that the person last paying taxes on the property was “ ‘George E. Mullin, Brookville, Indiana’ ”.
In 1950 the county brought suit to quiet title for the taxes that had been delinquent since 1946, the year George E. Mullin died.
It is charged in the bill in the present case that in order for the court to have acquired jurisdiction in the first case it was necessary for the clerk to have mailed to the person claiming title to the property at the time the tax certificates became two years old a copy of the portion of the newspaper containing notice that suit had been instituted, if the name and address of the owner appeared on the tax roll for the year in which taxes were last extended; and that in the event this information could not be obtained from the roll, then it was necessary that the notice be mailed to the person last paying taxes on the property according to the tax collector’s receipt book. It was alleged that notice was sent neither to Leona Mullin, then owner, nor to the person whose name and address were given on the tax collector’s receipt book.
Despite these jurisdictional requirements, so it was averred, a final decree was entered adjudging the county to be owner of the property and the county later conveyed it to the appellees, Ervin P. Ray and Winifred E. Ray, his wife.
If the notice was sufficient, as the Chancellor held, the decree and deed should not be disturbed; if no jurisdiction attached, both must fall.
The name and address of the owner did not appear on the tax roll but the name and address of the person paying the taxes for 1945 were shown on the tax collector’s receipt book as “Geo. E. Mullins, c/o City Hall, Brooksville, Florida.” The letters and word we have italicized indicate the errors in the true name and address of the then joint owner, George E. Mullin of Brookville, Indiana.
In his bill the appellant took the position that the court had no jurisdiction at all because of failure to mail the “notice [of suit] to the name and address of the person last paying taxes * * * as shown by the Tax Collector’s receipt book” and he now asks if the mailing of notice to the wrong address amounted to compliance with the statute where the error is not made by the clerk but by the tax collector. He insists that there was not compliance and that therefore the appellant was deprived of his property without due process of law.
*284 There is no doubt that the clerk observed the- law when he mailed the notice. Once he discovered no name and address in his own records he was obligated to go to the receipt book of the tax collector and obtain, the name and address, -if they were recorded there, of the owner. This he did. The error in setting out the owner’s name and address in the collector’s record seems to have occurred after the payment of taxes for the year 1944 and at the time of payment of taxes for 1945, because the former gives both name and address correctly, except for adding an “s” to the-name of the person and inserting an “s” in the name of the town, while the latter bears the name and address as they eventually appeared on the tax collector’s book.
If we were to hold that the appellant should have prevailed ■ in this case, we would have to impose on the clerk, in situations like this, the duty not only of sending a notice to the person named at the address given in the tax collector’s record as the legislature required, but of verifying the collector’s record by some means or other.
We cannot adopt that view. In the first place every taxpayer knows that he must pay his taxes yearly. Sec. 192.21, Florida Statutes 1941 and F.S.A. Of course the loss in land of a delinquent taxpayer is all out of proportion to the amount paid by one who secures a tax deed to his property. This is a case, however, where proceedings were instituted by the county to quiet title for delinquent taxes which, in the past, the owner had often paid and well knew he owed. In a suit of this nature, the legislature has prescribed how the landowner must be notified. First, a notice is published in the newspaper; second, a copy of the portion of the newspaper containing the notice must be mailed in the manner we have already described. Sec. 194.51, Florida Statutes 1941, F.S.A.
It would place an intolerable burden on the clerk to make an independent, examination in every case to determine if the names and addresses recorded in the collector’s office j .jyere, accurate, and if he determined that .some name or other was misspelled or somq, address or other inaccurate and he used what he thought were the true ones, he would be acting wholly without authority, and his. actions might well be challenged because of disregard of the law. So much for the clerk.
If the collector made a mistake, then, to hold that his error deprived the appellant of due process, we would have to decide that there could have been no valid suit. So a taxpayer could defeat the county’s suit simply by furnishing a false address or by failing to. provide any at all.
The procedure is one in rem and we think the requirement of notice is fulfilled when the clerk follows the law as he did in this case. As we have remarked, the record shows that a tax receipt for 1944 taxes gave an address which would have brought a notice to the owner and the receipt for 1945 taxes would not .have accomplished that. But doubtless, if the receipt did not reach the taxpayer by mail, he would be on-notice to inquire about its absence and if it was handed to him he would be charged with notice of the error.
We do not think that in all the circumstances we are justified in deciding that the decree was void because due process was denied the appellant by the clerk’s acting in accordance with the statute but not meanwhile detecting a mistake that there was no reason to expect him to discover.
Affirmed.
TERRELL, SEBRING, MATHEWS and DREW, JJ., concur.
HOBSON, J., agrees to conclusion.
ROBERTS, C. J., dissents.