PER CURIAM.
The residual beneficiaries under the last will and testament of one Ed J. Sullivan, deceased, bring this appeal from the final judgment in a quiet title action which found that appellees/plaintiffs are the owners in fee simple of two lots of real property located in Monroe County, Florida.
The record reveals that in 1972 a tax sale certificate number was issued on the subject property; subsequently, there was an application made for a tax deed, and the deputy clerk of the court prepared a notice of application for tax deed, which was published as required by law. Ed J. Sullivan was the owner of record and the deputy clerk sent notices to a Georgia and a Florida address (however, the Florida address was not exactly as indicated on the warranty deed by which Sullivan originally took title in 1964), as well as to the late Mr. Sullivan’s attorney/personal representative at two Florida addresses gleaned from the probate files of Monroe County. The auction sale took place at the main door of the Monroe County Courthouse on the date scheduled. The successful bid was received from the appellees, and they, thereby, purchased the tax certificate for $10,025.00. Payment was made by way of a law firm account check; the tax deed was prepared, signed and recorded by the deputy clerk the same day, prior to the check having been cleared by the bank it was written on. Approximately two months later, the deputy clerk notified the attorney/personal representative of the estate that $8,085.93, representing the excess amount bid on the property, was being held in the court clerk’s account. The attorney made application for the said amount which was remitted to him. Shortly thereafter the same attorney, Richard H. Langley, moved the court for an order allowing deposit of the check, representing the proceeds of the tax sale, into the registry of the court.
Ultimately, the cause came before the court for a non-jury trial on the quiet title action filed by the appellees, the named title holders under the tax deed. Among the defendants were the residual beneficiaries, who answered and counterclaimed to cancel the tax deed and have it declared void ab initio for alleged failures to strictly comply with statutes contained in chapter 197. The cause proceeded to non-jury trial, after which the court entered the final judgment in favor of appellees.
The residual beneficiaries under the will now contend, inter alia, that the trial court erred in finding for the appellees due to failures to strictly comply with Sections 197.256(1) and (2) and 197.266(2) Florida Statutes.
It is a well established principle of law that failure to comply strictly with the provisions of the tax laws can render the proceedings invalid where the requisites prescribed in the statutes are intended for the protection of the citizen and to prevent a sacrifice of his property. Ozark Corp. v. Pattishall, 135 Fla. 610, 185 So. 333 (1939); Montgomery v. Gipson, 69 So.2d 305 (Fla.1954); Mirabeila v. Kickliter, 113 So.2d 397 (Fla. 2d DCA 1959). It is manifestly clear that in the case sub judice the “failures” go directly to the question of protection of the citizen (and/or those provided for in his will).
A careful review of the record shows that the tax deed must be declared void and the final judgment in favor of appellees be found to constitute error as a matter of law. Firstly, it is an uncontroverted fact that the deputy clerk did not mail a notice to the exact address listed on the instrument of conveyance by which Ed J. Sullivan took title; this violates Section 197.256(1). See Mirabeila, supra, and Nail v. Browning, 73 Fla. 316, 74 So. 315 (1917). Further, the notices were mailed by the deputy clerk *32 twelve days before the sale was scheduled, rather than the twenty-day minimum as required by Section 197.256(2). In Thacker v. Biggers, 48 So.2d 750 (Fla.1950), where the clerk of the court failed to timely mail copies of the published notice of application for tax deed to some of the owners of the land, the court found that the tax deed was considered vitiated.
Additionally, we believe that the fact that the deputy clerk did not actually “receive full payment prior to the issuance of the tax deed” [as required by Section 197.-266(2)] constitutes a fatal failure to protect the citizen and to prevent the sacrifice of his property. Since the requirement of full payment before issuance of the tax deed provides the owner with the last opportunity to redeem his property, the clerk (or deputy clerk) was under a statutory obligation to at lease wait for the law firm’s check to be cleared by the bank in order to insure that the owner, or his heirs, had the final opportunity to redeem the property. See Lance v. Smith, 123 Fla. 461, 167 So. 366 (1936).
Thus, we find the tax deed is void for lack of strict compliance with the applicable statutes and the final judgment is reversed and remanded to the trial court.