540 So.2d 908 (1989)
Gulabrai S. ALWANI and Anita Gulabrai Alwani, His Wife, Appellants,
v.
John G. SLOCUM and Betty A. Slocum, His Wife, and Donald P. Ricci and E. Sharon Ricci, His Wife, and Tom Christian, John Rothschild and H. Roberta Packer, Appellees.
No. 88-1895.
District Court of Appeal of Florida, Second District.
March 29, 1989.
*909 William G. Morris, Marco Island, for appellants.
Ronald S. Webster and E. Glenn Tucker of Rhodes & Tucker, Marco Island, for appellees.
LEHAN, Judge.
This is an appeal from a final judgment quieting title to eighteen lots in the names of appellees who purchased the tax certificates issued in 1983 following nonpayment of the ad valorem taxes on those lots. The appellants, prior owners of those lots, assert that they did not receive notices of the impending tax sales because those notices had been sent to their former address in Hong Kong, instead of their correct address in the United Arab Emirates (UAE), and two of the notices had additionally been sent to an incorrect post office box number in the UAE. Notwithstanding the well-presented argument on behalf of appellants, we affirm.
The appellants argue that the clerk of the circuit court and the tax collector had been notified of appellants' change of address to the UAE but nonetheless, through error, failed to send the notices to the correct address. This argument is to no avail. Section 197.522(1)(a), Florida Statutes (1987), provides, "The clerk of the circuit court shall notify ... the persons listed in the tax collector's statement ... that an application for a tax deed has been made... . If no address is listed in the tax collector's statement, then no notice shall be required." In this case there is no dispute that the notices were sent to the appellants' address in compliance with the statute. See Stubbs v. Cummings, 336 So.2d 412, 415 (Fla. 1st DCA 1976) ("The legislature has not seen fit to impose upon the county officials involved in tax deed procedures a duty to ascertain the status of owners of property by a search of all public records which might reveal same... ."). As the Florida Supreme Court said in Mullin v. Polk County, 76 So.2d 282, 284 (Fla. 1954)
It would place an intolerable burden on the clerk to make an independent examination in every case to determine if the names and addresses recorded in the collector's office were accurate, and if he determined that some name or other was misspelled or some address or other inaccurate and he used what he thought were the true ones, he would be acting wholly without authority, and his actions might well be challenged because of disregard of the law.
Also to no avail is appellants' argument that the lack of a requirement in section 197.522 that the clerk use either actual knowledge represented by records in the clerk's office or due diligence to search those records to determine the best available address renders the statute unconstitutional as a denial of due process. That the statute would be more fair to a particular taxpayer if it did so require is not determinative. As the Fifth District Court of Appeal said in D.R.L., Inc. v. Murphy, 508 So.2d 413, 416 (Fla. 5th DCA 1987),
The government exercises harsh remedies to collect its taxes. However, because the tax collection procedure meets constitutional due process and is established by statutory law, the fairness question is for the legislature, not for the judiciary.
And, as Murphy also said, "Most citizens understand that `if you don't pay your taxes the government will take your land!'" Id. That appellants apparently are not United States citizens does not relieve them of the consequences of lacking that understanding. When they acquired title to Florida real property in this country, they also acquired the responsibilities of Florida ad valorem taxpayers. Thus, appellants were properly held to the consequences of their failure to pay the taxes which they knew were unpaid. There is no dispute that they had received timely notices of the taxes due.
We need not decide, nor did appellees address, whether appellants, apparently being neither citizens nor residents of this country, have standing to raise the constitutional due process issue. See DeAyala v. *910 Florida Farm Bureau Casualty Insurance Co., No. 70,308 (Fla. Mar. 9, 1989) [14 F.L.W. 92]. The record does not specifically deal with the subject of their citizenship. Even assuming arguendo that they do have such standing, they would not prevail on that issue. Murphy.
Furthermore, section 197.332 clearly sets forth the duty of landowners in this regard in its provision that "All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current or delinquent taxes and paying taxes before the date of delinquency." Also, section 197.404 provides, "A sale or conveyance of real or personal property for nonpayment of taxes shall not be held invalid except... ." No exception is provided in that statute for the circumstances of this case.
Even when the taxpayer in Volusia County v. Passantino, 364 So.2d 730 (Fla. 1st DCA 1978), had paid taxes on his property but had mistakenly paid them on only a part of that property, he was held to his responsibility to pay the properly assessed taxes and was not relieved of the consequences by an error of the taxing authorities resulting in his not having received a notice of the impending tax sale. As the Florida Supreme Court said in Mullin, 76 So.2d at 284 (which was relied upon in Passantino) regarding a tax receipt, "[I]f the receipt did not reach the taxpayer by mail, he would be on notice to inquire about its absence... ." Thus, it is not determinative that in this case the appellants' address was wrongly corrected for two of the lots so as to accurately change the city and country but not the post office box number.
Nor, for the same reasons, do we conclude with reference to other contentions of appellants that section 197.522 is unconstitutional as applied or that the failure of governmental personnel to exercise due diligence to ascertain appellants' correct address from their records relieved the appellants of the consequences of their failure to pay the taxes owed. Accordingly, contrary to a further contention of appellants, we conclude that there was no error in the trial court's refusal to admit into evidence various public records and documents showing appellants' correct address.
The appellants cite various cases for the proposition that the notices should have been reasonably calculated to apprise them of the pending deprivation of their property. See Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). However, neither of those cases concerned a lack of notice of the kind involved here to a taxpayer who knows that taxes are unpaid.
A further argument of appellants is that under Florida Administrative Code Rule 12D-12.042, the tax collector is required to notify the property appraiser of the discovery of any error in the tax roll. However, that argument is to no avail. That rule also provides, "The payment of taxes shall not be excused because of an omission or commission of any act on the part of any property appraiser [or] tax collector... ." See also Florida Administrative Code Rule 12D-13.006(2).
Additionally relevant is evidence that the notices of the applications for tax deeds on the lots involved here had been sent to the same address used when appellants had previously corresponded with the county authorities, acknowledging pending tax sales of other property which they owned in the same county.
Pratt v. Pope, 78 Fla. 270, 82 So. 805 (1919), cited by appellants, is not controlling. While that case did place upon a governmental official the duty to check public records for the correct address to which to send a notice of application for a tax deed, the decision in that case antedated the statutes cited above placing the responsibility upon owners of Florida land to protect their own interests.
Affirmed.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.