SHAHOOD, Judge.
This is an appeal by Dessie Mae Kerr (“Appellant”) from a Final Judgment on the Order Granting Summary Judgment entered in favor of Donald L. Burrie (“Appellee”). Because the trial court erred in its interpretation and application of section 197.582(2), Florida Statutes (Supp.1996) and Florida Administrative Code 12D-13.065, we reverse and remand for further proceedings.
Broward County (“Broward”) conducted a tax sale on certain real property located in Broward County, Florida then owned by'M. Lou Brooks, who is not a party to this action. The tax sale was overbid and, as a result, there existed a surplus of-$54,091.56 after satisfying all tax obligations on the property.
Broward then filed an interpleader suit naming appellant and appellee as persons who both had made claims ■ to the surplus funds. An order was entered in the inter- *198 pleader action, pursuant to which Broward County was permitted to place the excess funds in the court registry, thus leaving appellant and appellee as the only parties in interest in the case.
Appellant answered the complaint and cross claimed against appellee, claiming entitlement to the funds as assignee of a judgment against the prior owner of the property, which was recorded on May 13,1985, and a note and mortgage in favor of appellant. Appellant’s address was not placed on the assignment of judgment or the assignment of note and mortgage. Therefore appellant’s name was not in the tax collector’s statement pursuant to section 197.502, Florida Statutes (Supp.1996).
Appellee filed a response claiming entitlement to the funds based on two judgment liens against the prior owner of the property, which were recorded in Broward County on July 28,1988 and December 27, 1988. As an affirmative defense, appellee asserted that appellant did not qualify as a person who is entitled to excess proceeds of a tax sale either under section 197.582(2), Florida Statutes (Supp.1996) or section 197.522(l)(a), Florida Statutes (1995).
Thereafter, both parties filed motions for summary judgment for declaratory relief to determine the rights of the parties to the excess proceeds. In the affidavit in support of her motion, appellant stated that her judgment lien is superior to appellee’s; therefore, she is entitled to all of the excess funds to satisfy her judgment and note.
Section 197.582, Florida Statutes (Supp. 1996) prescribes the procedure for distributing excess funds resulting from a tax sale of property. Subsection two states that the excess shall be paid to, and disbursed by, the clerk first to any governmental unit holding a lien against the property. § 197.582(2), Fla. Stat. (Supp.1996). Any remaining surplus shall be “retained by the clerk for the benefit of the persons described in s. 197.522(l)(a), [Florida Statutes (1995)] as their interests may appear.” See Id.
Section 197.522(l)(a) states that the clerk of the court shall notify “the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made.... If no address is listed in the tax collector’s statement, then no notice shall be required.” § 197.522(l)(a), Fla. Stat. (1995). The statute also provides that “[njothing in this chapter shall be construed to prevent the tax collector, or any other public official, in his discretion from giving additional notice in any form concerning tax certificates and tax sales beyond the minimum requirements of this chapter.” § 197.522(3), Fla. Stat. (1995).
Section 197.502(4), Florida Statutes (Supp. 1996) describes the following persons who are entitled to receive notice:
(a) Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner....
(b) Any lienholder of record who has recorded a lien against the property described in the tax certificate if an address appears on the recorded lien.
(c) Any mortgagee of record if an address appears on the recorded mortgage.
(d) Any vendee of a recorded contract for deed if an address appears on the recorded contract....
(e) Any other lienholder who has applied to the tax collector to receive notice if an address is supplied to the collector by such lienholder.
(f) Any person to whom the property was assessed on the tax roll for the year in which the property was last assessed....
In Dawson v. Saada, 608 So.2d 806 (Fla.1992), the supreme court stressed that the notice requirements of Chapter 197 are essential to assuring that due process is complied with in the sale of property for the collection of delinquent taxes. That said, however, the court also emphasized that the notice required is only that “notice reasonably calculated to apprise landowners of the pending deprivation of their property.” Id. at 808.
In June 1985, the Florida Department of Revenue promulgated Florida Administrative Code Rule 12D-13.065, which directs the following procedure in situations in which the tax sale results in a surplus after all out *199 standing tax certificates and governmental liens have been satisfied:
(3) Any remaining funds held by the clerk shall be distributed to those persons described in Section 197.502(4), F.S., as their interests may appear. Therefore the distribution scheme must observe the priorities of recordation of the liens or interests in the public records of the County. The excess funds must be used to satisfy in full to the extent possible each senior mortgage or lien in the property before distribution of any funds to any junior mortgage or lien. Any valid lien in the property is entitled to payment before any payment is made to the titleholder of record. If a judgment lien or mortgage lien is terminated by court decree or by operation of law (i.e., Ch. 95, F.S.), such lien is not a valid lien and is therefore not entitled to be satisfied.
(4) The clerk shall send notices to those persons listed in Section 197.502(4), F.S., advising them of the funds held for them benefit....
Fla. Admin. Code R. 12D-1.065(4).
In DeMario v. Franklin Mortgage & Investment Co., 648 So.2d 210 (Fla. 4th DCA 1994), this court considered the impact of the administrative code rule in light of Chapter 197. In that case, the trial court had awarded the surplus funds from a tax sale to the last title holder of record and refused to recognize appellants’ superior claim merely because they had failed to file a valid claim within the 90-day claim period. See id. This court reversed holding that
[cjlearly, the rule, read as a whole, does not require that the Clerk of the Court pay the surplus to honor only those claims filed within ninety days from the date of the notice. Instead, the clear import of the rule is that the Clerk of the Court is required to assemble all interested parties before the court so that the funds may be distributed according to the legal priorities of the claims.
Id. at 213.
Based on Dawson and DeMario, it is clear that the purpose of sections 197.522 and 197.502 is to provide adequate notice to those holding an interest in the property and not to exclude those whose addresses are not listed from being entitled to distribution. The statutes merely impose upon the clerk a minimal notice obligation, but do not go so far as to burden the clerk with tracking down all potential distributees. Alwani v. Slocum, 540 So .2d 908, 909 (Fla. 2d DCA 1989).
In this case, the appellant, with ostensible superior lien rights, should not be denied her right to participate in the excess funds merely because the instruments that created her liens did not contain an address so that the clerk could notify her of the proceedings under section 197.502(4).
We accordingly reverse and remand the grant of summary judgment with directions that the trial court conduct a hearing to determine the priorities of the parties as their interests appear.
REVERSED AND REMANDED.
GUNTHER and POLEN, JJ., concur.