SHAHOOD, J.
This is an appeal by Sharon Bullock (Bullock) from orders entered by the trial court finding certain tax deeds in favor of appellee, Houston Realty & Investment, Inc. (Houston) to be valid with regard to any interest of Bullock. We affirm.
In this case, Houston filed a complaint to quiet title on certain property it had acquired by quit-claim deed from PB Horizons, Inc., an entity which had purchased the property by a tax deed. Named as defendants in the action were Bullock and other lienholders who are not parties to this appeal. Houston acknowledged in its complaint that the defendant, Bullock, may have an interest in the property by virtue of certain recorded final judgments.
In her answer to the complaint, Bullock raised as an affirmative defense, failure to give notice, stating that as a holder of a valid, enforceable, recorded final judgment which she held prior to and at the time of the tax deed sale, she had not received proper statutory notice of the sale. Bullock argued specifically that notice of the tax deed sale should have been mailed to her attorneys whose names and addresses appear on the face of the final judgment.
Bullock also filed a counter-claim seeking cancellation of the tax deed and foreclosure of her final judgment. Cross motions for summary judgment were filed and, following a hearing, the trial court denied Houston’s motion, ordered media *1253 tion, and deferred hearing on Bullock’s motion. The court also denied Houston’s motion for judicial validation of tax deed, but ordered Bullock to deposit $28,900 with the Clerk of the Court within thirty days “as preliminary costs mandated by Florida Statute § 197.602 for invalidation of a Tax Deed.” The court ordered that
[i]f Defendant, SHARON BULLOCK fails to put such amounts into the registry of the Clerk of the Court, within such time, this Court without further hearing or notice, shall issue an order Adjudging the subject Tax Deeds of this suit to be valid and that Defendant, SHARON BULLOCK received actual notification of the sale nunc pro tunc to the time of the sale, and failed to act.
' Bullock failed to make the required deposit, and the court thereafter entered an Order on Validity of Tax Deeds and Defendant, Sharon Bullock’s Motion for Summary Judgment. The court deemed Bullock to have received actual notice of the tax sale nunc pro tunc to a date prior to the sale, denied Bullock’s motion for summary judgment, and adjudged the tax deed held by Houston to be valid.
We begin this analysis by discussing the notice requirements of section 197.522(l)(a), Florida Statutes, which states that the “clerk of the circuit court shall notify, by certified mail with return receipt requested ..., the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made.” § 197.522(l)(a), Fla. Stat. (1997). Importantly, that section further states that “[i]f no address is listed in the tax collector’s statement, then no notice shall be required.” § 197.522(l)(a), Fla. Stat. (1998). Section 197.502(4), Florida Statutes enumerates those persons who are to be listed in the tax collector’s statement, and therefore entitled to be notified prior to the sale of the property, and includes the following:
(b) Any lienholder of record who has recorded a lien against the property described in the tax certifícate if an address appears on the recorded lien.
[[Image here]]
(e) Any other lienholder who has applied to the tax collector to receive notice if an address is supplied to the collector by such lienholder.
§ 197.502(4), Fla. Stat. The notice requirements of Chapter 197 are essential to assuring that due process is complied with in the sale of property for the collection of delinquent taxes; however, the notice required is only that “notice reasonably calculated to apprise landowners of the pending deprivation of their property.” Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992).
In Kerr v. Broward County, 718 So.2d 197 (Fla. 4th DCA 1998), this court considered sections 197.522 and 197.502 in reviewing the propriety of a lower court order awarding surplus funds from a tax sale to an inferior lienholder and rejecting the claims of a superior lienholder merely because the latter’s name and address had not been listed in the tax collector’s statement. Id. at 198. The controlling statutes directed that any surplusage resulting from a tax sale of property first be distributed to any governmental unit holding a lien against the property and, then, be held by the clerk of the court for the benefit of the persons listed in section 197.522. Id. The issue in Kerr was whether the alleged superior lienholder was entitled to distribution of the excess funds despite the fact that her name had not been listed in the tax collector’s statement. In reversing the lower court’s ruling, this court held:
Based on Daivson and DeMario [v. Franklin Mortg. & Inv. Co., 648 So.2d 210 (Fla. 4th DCA 1994) ], it is clear that the purpose of sections 197.522 and 197.502 is to provide adequate notice to those holding an interest in the property and not to exclude those whose addresses are not listed from being entitled to distribution. The statutes merely impose upon the clerk a minimal notice *1254 obligation, but do not go so far as to burden the clerk with tracking doum all potential distributees. Alwani v. Slocum, 540 So.2d 908, 909 (Fla. 2d DCA 1989).
Id. at 199 (emphasis supplied). While Kerr did not impose a duty upon the Clerk of the Court to track down those interested persons whose names were not listed, those persons were not, however, precluded from taking part in the proceeding upon learning of same by some other means.
In Alwani the case upon which this court relied in Kerr, the trial court entered judgment quieting title to certain land and issuing tax certificates. Alwani 540 So.2d at 908. The prior owners objected claiming that they did not receive proper notice of the impending tax sales because the notices had been sent to their former address in Hong Kong instead of their current address in the United Arab Emirates. See id. The Second District Court of Appeal affirmed the lower court holding that the duty is on landowners to protect their own interests, and the clerk of the court is not required to “make an independent examination in every case to determine if the names and addresses recorded in the collector’s office [are] accurate.” Id. at 909. The court held that a 1919 supreme court case placing upon a governmental official the duty to check public records for the correct address to which to send a notice of application for a tax deed had been superseded by subsequent statutes. Id. at 910.
In this case, Bullock’s name was not on the tax collector’s statement despite a duly recorded final judgment which bears the name and address of her attorney. See § 197.502(4)(b), Fla. Stat. (1997)(the name of any lienholder who has recorded a lien against the property, which bears “an address” on the recorded lien, should be included in the tax collector’s list of persons to be notified prior to sale of the property). She, therefore, did not receive notice of the tax sale. Applying the rationale from Kerr and Alwani, the Clerk did not have a duty to conduct additional investigation to locate Bullock. Nevertheless, we find that Bullock was not prejudiced by the omission because she subsequently received notice by virtue of the filing of Houston’s action to quiet title, and was, therefore, able to assert her interest in the property.
Bullock’s second point of contention is that the trial court erred in requiring that she deposit the tax arrearage ($28,-900.00) in the court registry before an adjudication as to the validity of the tax deeds. Section 197.602, Florida Statutes (1998), entitled Party recovering land must refund taxes paid and Interest, provides as follows:
If, in an action at law or in equity involving the validity of any tax deed, the court holds that the tax deed was invalid at the time of its issuance and that title to the land therein described did not vest in the tax deed holder, then, if the taxes for which the land was sold and upon which the tax deed was issued had not been paid prior to issuance of the deed, the party in whose favor the judgment or decree in the suit is entered shall pay to the party against whom the judgment or decree is entered the amount paid for the tax deed and all taxes paid upon the land, together with 12-percent interest thereon per year from the date of the issuance of the tax deed and all legal expenses in obtaining the tax deed, including publication of notice and clerk’s fees for issuing and recording the tax deed, and also the fair cash value of all permanent improvements made upon the land by the holders under the tax deed. The amount of the expenses and the fair cash value of improvements shall be ascertained and found upon the trial of the action, and the tax deed holder or anyone holding thereunder shall have a prior lien upon the land for the payment of the sums.

Id.

While we agree with Bullock that nothing in the statute expressly imposes a re *1255 quirement that the lienor deposit the tax arrearage with the Clerk of the Court prior to the determination by the court of the validity of the tax deed, we cannot say that the procedure employed by the court was inconsistent with the statute. In light of the notice issue raised in this case, the trial court’s remedy is appropriate. The statute is clear that the person in whose favor a judgment invalidating a tax deed is entered must pay the taxes on the property as well as other costs and expenses. As Bullock was unable to post the required monies, the process of invalidating the tax deed and holding a second tax sale would have been futile. Thus, she is unable to show that she was prejudiced by the lack of notice.
While we do not advocate this procedure in lieu of proper statutory notice prior to the tax sale, under the facts of this case, the trial court fashioned a reasonable remedy which comports with the spirit of the statute by allowing Bullock to preserve her interest in the property, but does not impose any additional burden on the Clerk of the Court. Kerr; Alwani Accordingly, we affirm the orders rendered by the trial court.
AFFIRMED.
STONE and STEVENSON, JJ„ concur.