755 So.2d 835 (2000)
EUROFUND FORTY-SIX, LTD., and Eurofund, etc., Appellants,
v.
Edward J. TERRY and William J. Benson, etc., Appellee.
No. 5D99-2778.
District Court of Appeal of Florida, Fifth District.
May 5, 2000.
John C. Englehardt, Orlando, for Appellants.
Christopher C. Cathcart, Ossinsky & Cathcart, P.A., Winter Park, for Appellees.
PER CURIAM.
The appellant seeks a determination that tax deeds issued to appellees are invalid because appellant did not receive notice of the impending tax sales[1]. Our review of the record reveals that the clerk of the circuit court sent notices to the addresses listed on the tax collector's statement, as required by section 197.522(1)(a), Florida Statutes (1997),[2] and the tax collector's statement contained the names and addresses of the legal title holders as listed on the last assessment roll. Sec. 197.502(4)(a). The fact that sometime in 1997 a change of address form had been filed with the property appraiser did not require the collector or the clerk to deviate from the statutory mandate. See, Dawson v. Saada, 608 So.2d 806 (Fla. 1992); Alwani v. Slocum, 540 So.2d 908 (Fla. 2d DCA 1989), rev. denied, 548 So.2d 662 (Fla.1989).
AFFIRMED.
PETERSON, SAWAYA, JJ. and ORFINGER, M., Senior Judge.
NOTES
[1] Taxes were unpaid for the years 1994, 1995 and 1996.
[2] Appellant conceded below the clerk followed the required statutory procedure.