770 So.2d 1244 (2000)
Al SAGGESE, and Barbara Eichner Saggese, his wife, Appellants,
v.
DEPARTMENT OF REVENUE OF The STATE OF FLORIDA, Palm Beach County, Turnberry Investments, Inc., Bankatlantic and Windsor Park Condominium Association, Inc., Appellees.
No. 4D99-3317.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
Rehearing Denied November 30, 2000.
*1245 Roger C. Stanton of Ward, Damon, Beverly, Tittle & Posner, P.A., West Palm Beach, withdrawn after filing brief, Al Saggese, and Barbara Eichner Saggese, Island Park, New York, pro se.
Robert A. Butterworth, Attorney General, and Mark T. Aliff, Assistant Attorney General, Tallahassee, for Appellee-Department of Revenue of the State of Florida.
Steven L. Jones of Larson And Jones, Miami Shores, for Appellee-Turnberry Investments, Inc.
PER CURIAM.
We affirm the summary final judgment quieting title. Appellants' primary contention is that they did not receive proper notice. Section 197.522(1), Florida Statutes (1999), the statutory notice to an owner when an application for a tax deed is made, meets constitutional due process requirements. See Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992). Even the failure of someone to receive notice as provided in section 197.522(1), does "not affect the validity of the tax deed as long as the clerk complies with the notice requirements of subsection (1)." Dawson, 608 So.2d at 808; see § 197.522(1)(d), Fla. Stat. (1999).
Section 197.122(1), Florida Statutes (1999), provides that "[a]ll owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current and delinquent taxes and paying them before April 1 of the year following the year in which taxes are assessed." Section 197.432(1), authorizes the tax collector to "commence the sale of tax certificates on those lands on which taxes have not been paid." Section 197.522(1)(a), states that while the clerk of the circuit court "shall notify" a property owner of an application for tax deed, "[i]f no address is listed in the tax collector's statement, then no notice shall be required."
The Saggeses' assertion that the clerk's notice letter was returned marked "Undeliverable as Addressed," is of no consequence in light of the statutory provisions cited above, which establish that the failure to receive notice of application for a tax deed does not affect the validity of the tax deed. See Alwani v. Slocum, 540 So.2d 908, 909 (Fla. 2d DCA 1989) (rejecting appellants' argument that failure to send notice to proper address rendered tax deed sale invalid because notices complied with section 197.522 and "`[i]t would place an intolerable burden on the clerk to make an independent examination in every case to determine if the names and addresses recorded in the collector's office were accurate'") (quoting Mullin v. Polk County, 76 So.2d 282, 284 (Fla.1954)). Chapter 197 merely requires the clerk to follow the notice procedures contained in the statute, *1246 it does not require the clerk to make certain that the notice is received. See Kerr v. Broward County, 718 So.2d 197, 199 (Fla. 4th DCA 1998) ("The statutes merely impose upon the clerk a minimal notice obligation, but do not go so far as to burden the clerk with tracking down all potential distributees.").
The tax collector followed the statutory requirement by informing the clerk of the address for notification. See § 197.502(4)(a), Fla. Stat. (1999). Hence, the Saggeses' reliance on their May 11, 1993 warranty deed, which lists their address as "Apt. 138," rather than "1380," is also without merit. The Saggeses incorrectly interpret section 197.502(4)(a) as requiring notice to be sent to the address appearing on their record of conveyance. However, that section states that
if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.
(Emphasis supplied).
The application for tax deed on the property was not filed until September 28, 1998. Hence, approximately five years passed between issuance of the warranty deed in 1993 and application for the tax deed in 1998. During that period, assessment rolls were prepared for the property. Therefore, the statute required that notice be sent to the address appearing on the latest assessment roll, not the address on the warranty deed. See § 197.502(4)(a), Fla. Stat. (1999). The address on the tax rolls certified to the tax collector by the property appraiser lists "129 Lehane Terrace, No. 1380" as the address.
Since the notice requirements of Chapter 197 were followed, the alleged lack of receipt of the notice does not invalidate the tax deed sale. See Dawson, 608 So.2d at 810; Murciano v. Jayan Corp., 599 So.2d 284, 285 (Fla. 3d DCA 1992); Levy v. Ippolito, 503 So.2d 1308, 1311-12 (Fla. 2d DCA 1987); Stubbs v. Cummings, 336 So.2d 412, 416 (Fla. 1st DCA 1976). The trial court correctly concluded in its final summary judgment quieting title that "the Clerk strictly complied with the applicable provisions of Chapter 197...."
AFFIRMED.
KLEIN, SHAHOOD and GROSS, JJ., concur.