Mr. Joseph S. Gillin, Jr. City Attorney City of Satellite Beach Post Office Box 1376 Melbourne, Florida 32901
Dear Mr. Gillin:
This is in response to your request for an opinion asking substantially the following question:
 MAY A MUNICIPALITY EXPEND MONIES IN THE SPECIAL LAW ENFORCEMENT TRUST FUND ESTABLISHED BY s 932.704, F.S., TO PURCHASE A TRAFFIC CONTROL SIGNAL DEVICE TO BE LOCATED WITHIN THE CORPORATE LIMITS OF THE MUNICIPALITY?
For the reasons developed herein, your question is answered in the negative.
The relevant statute is s 932.704(3)(a), F.S., which authorizes the head of a law enforcement agency effecting forfeiture of personal property seized pursuant to the provisions of s932.701-932.704, F.S., the Florida Contraband Forfeiture Act, to sell or otherwise salvage or transfer such property to any public or nonprofit organization rather than retaining it "for the use of the law enforcement agency." When forfeited property is sold, the proceeds of sale are applied first to any preserved lien balances, then to various costs incurred in connection with the forfeiture proceedings. The statute states in part pertinent to your inquiry:
 The remaining proceeds shall be deposited in a special law enforcement trust fund established by . . . the governing body of the municipality and shall be used for law enforcement purposes only. These funds may be expended only upon appropriation to the . . . police department, by . . . the governing body of the municipality, to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants, or for such other law enforcement purposes as the . . . governing body of the municipality deems appropriate and shall not be considered a source of revenue to meet normal operating needs. (e.s.)
The statute permits the governing body of a municipality to appropriate or expend such trust funds only for such "law enforcement purposes" as the governing body deems appropriate. The expenditure of such trust moneys to purchase and install a traffic control signal device is authorized by the statute only if purchase and installation of such device is for "law enforcement purposes." See generally, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (a legislative directive as to how a thing should be done is, in effect, a prohibition against its being done in any other way); First Nat. Bank of Key West v. Filer, 145 So. 204 (Fla. 1933) (the authority of public officers to proceed in a particular way and only upon certain conditions as to such matters implies a duty not to proceed in any manner other than that which is authorized by law); Thayer v. State, 335 So.2d 815 (Fla. 1976) (when a statute enumerates the things upon which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
Municipal police departments do not ordinarily have any responsibility for or duties in connection with the purchase, installation and maintenance of traffic control signal devices, as distinguished from the enforcement of the traffic control laws or ordinances. See, s 316.006(2), F.S. (chartered municipalities may place and maintain traffic control devices upon all streets under their original jurisdiction); s 316.008(1)(b), F.S. (local authorities within reasonable exercise of the police power may regulate traffic by means of police officers or traffic control devices). Cf., s 316.640(3), F.S. (the police department shall enforce the traffic laws on all streets throughout the municipality); s 943.10(1), F.S. (Law enforcement officer means any person vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic or highway laws of the state); AGO 81-18 (based on, inter alia, ss316.006(3) and 316.008(1)(b), F.S., board of county commissioners authorized by law to exercise traffic control jurisdiction over certain "public" roads [not a part of the county road system] and to post and maintain legally enforceable traffic control devices and signs thereon, and to defray the costs thereof from county funds); AGO 76-223 (as part of a street or road, traffic control signals or devices and traffic signs which are affixed to and an integral part of the road or street and necessary for the maintenance of travel thereon qualify for revenue sharing funds derived from motor fuel taxes limited to use for, inter alia, construction and maintenance of roads and streets). In the instant context, "enforce" means to compel obedience, as to enforce laws or rules; and "enforcement" is the act of enforcing. The Random House Dictionary of the English Language, Unabridged Edition (1967) at 473. While s 316.008(1)(b), F.S., empowers the governing body of a municipality within the reasonable exercise of the police power to regulate traffic by means of traffic control devices, the enforcement of, or the compelling of obedience to, the traffic control laws or ordinances enacted by the governing body under the authority of s 316.008(1)(b) is vested in the police department of the municipality pursuant to s 316.640(3), F.S. The purchase, installation and maintenance of traffic control signal devices is not an act of enforcing or compelling obedience to any such traffic control laws or ordinances. In the absence of any statutory definition of "law enforcement purposes" for the purpose of s 932.704(3)(a), F.S., I am not able to say that the purchase and installation or maintenance of traffic control signal devices constitute the use of the trust moneys held in the special law enforcement trust fund established under s 932.704(3)(a), F.S., "for law enforcement purposes only."
Therefore, it is my opinion, until legislatively provided or judicially determined otherwise, that the purchase and installation or maintenance of traffic control signal devices are not "law enforcement purposes" within the purview and for the purposes of s 932.704(3)(a), F.S., and the governing body of a municipality is not authorized by law to expend trust moneys held in the special law enforcement trust fund established under s932.704(3)(a) to purchase and install or maintain such devices.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General