QUESTION: May a noncharter county grant an in-county travel allowance for members of the board of county commissioners by ordinance, or would such payment be in conflict with Ch. 145, F. S., which provides for the compensation of county officials?
SUMMARY: A payment under Sumter County Ordinance No. 71-8 providing for an in-county travel expense allowance of $50 per month for each member of the board of county commissioners without complying with the requirements of s. 112.061(7)(f), F. S. (1974 Supp.), would not appear to be a proper reimbursement for travel expenses under s. 112.061, F. S. (1974 Supp.). However, such ordinance may be deemed to be effective to implement s.145.121(2), F. S. (1974 Supp.), insofar as the chairman of the board of county commissioners is concerned and, as applied to the chairman of the board, is not in conflict with Ch. 145, F. S. The legislative intent of Ch. 145, F. S., is clearly set forth in s.145.011. The essence of this section is the intent to provide uniform compensation of county officials having substantially equal duties and responsibilities. (The salary for each member of the board of county commissioners is set forth in s. 145.031.) The compensation provided for in Ch. 145 is the sole and exclusive compensation of the officers whose salary is established therein for the execution of their official duties. Section 145.17. The board of county commissioners, pursuant to s. 145.121(2), F. S. (1974 Supp.), is authorized to grant an additional monthly expense allowance for the chairman of the commission of up to $50 per month for travel and other expenses related to the performance of his duties. Such compensation shall not be considered as part of the chairman's income from office. As the authority granted by s.145.121(2), supra, specifically mentions the chairman of the board of county commissioners, the statute should be construed to exclude such payments to the rest of the board. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). It is well settled that public officers may only exercise those powers specifically granted by constitution or statute and those necessarily implied from such grant. First National Bank v. Filer, 145 So. 204, 87 A.L.R. 267 (Fla. 1933). Moreover, where there is doubt as to the existence of authority, it should not be assumed. White v. Crandon, 156 So. 303 (Fla. 1934). The board of county commissioners is not authorized by Ch. 145 to grant to themselves an additional monthly expense allowance for travel and other expenses related to the performance of their duties as they may do for the chairman. Payments made to county officials pursuant to s.112.061, F. S. (1974 Supp.), should not be considered extra compensation to the official prohibited by ss. 145.121(1), F. S. (1974 Supp.), or 145.17, F. S. Cf. s. 145.131(1), (3), F. S., and AGO 073-485. Sumter County Ordinance No. 71-8 provides for an in-county travel allowance of $50 per month for each member of the board of county commissioners regardless of actual mileage traveled. The board of county commissioners is authorized by s.112.061(7)(f), F. S. (1974 Supp.), to grant monthly allowances in fixed amounts for the use of privately owned automobiles on official business in lieu of the mileage rate prescribed by s.112.061(7)(d). Attorney General Opinion 072-83. However, such allowances shall be reasonable, taking into account the customary use of the automobile, the roads customarily traveled, and whether any of the expenses incident to the operation, maintenance, and ownership of the automobile are paid from funds of the agency or other public funds. The allowance may be changed at any time and shall be made on the basis of a signed statement of the traveler, filed before the allowance is granted or changed, and at least annually thereafter. (It should be noted that a depreciation allowance may not be used in computing the amount due by the county to the individual commissioner for the use of a privately owned vehicle on official business. Section 112.061(7)(g), F. S. (1974 Supp.). The statement shall show the places and distances for an average typical month's travel on official business and the amount that would be allowed under the approved rate per mile for the travel shown in the statement if payment had been made pursuant to s. 112.061(7)(d), F. S. (1974 Supp.). Section112.061(7)(f). The signed statement required by this statute is necessary even though the ordinance granting the incounty travel expense makes a specific finding of an average expense based upon the experience and research of the county for the payment of authorized travel. Attorney General Opinion 072-83. (Moreover, a noncharter county may not enact any ordinance inconsistent with general or special law. Section 1(f), Art. VIII, State Const., and s. 125.01(1), F. S.) The county ordinance in question does not appear to be sufficient to substitute for or serve in lieu of the action authorized and required by s. 112.061(7)(d), supra, or to meet the requirements of a signed statement of the traveler provided for in s. 112.061(7)(f), supra; and, payments pursuant to any such ordinance would not appear to be proper reimbursement for travel or transportation expenses under s. 112.061, F. S. (1974 Supp.). Section 112.061, F. S. (1974 Supp.), is the only authority for the county to reimburse its officers and employees for travel expenses. Section 112.061 controls as to conflicts between its provisions and conflicting provisions in other general laws. Section 112.061(1)(b)1. However, the provisions of special or local laws prevail over conflicting provisions of s. 112.061 to the extent of any conflict. Section 112.061(1)(b)2. An ordinance is not a special or local law within the purview of s.112.061(1)(b)2. which would prevail over any conflicting provisions of s. 112.061; and the county is not constitutionally empowered and is not authorized by s. 112.061 to adopt any ordinance or resolution inconsistent with s. 112.061. However, a different situation exists in regard to the chairman of the board of county commissioners. Section 145.121(2), F. S. (1974 Supp.), provides: (2) Any board of county commissioners which prior to July 1, 1969 had not authorized an additional monthly expense allowance for the chairman of the commission may authorize such an allowance of up to $50 per month for travel and other expenses related to the performance of his duties, and compensation shall not be considered as part of the chairman's income from office. (Emphasis supplied.)
The compensation of the chairman of a board of county commissioners for his duties as chairman is not fixed by Ch. 145. Attorney General Opinions 069-87 and 073-485. Accordingly, it is concluded that Sumter County Ordinance No. 71-8 may be deemed to be effective to implement s. 145.121(2), supra, insofar as the chairman of the board of county commissioners is concerned and is not in conflict with Ch. 145 in this regard. A point which underlies this opinion and should be stated for clarification is that, generally, mileage allowances or travel expenses authorized by s. 112.061, F. S. (1974 Supp.), are reimbursable only for travel away from the officer's or employee's "official headquarters"; there is not authority to reimburse an officer or employee for travel from his home to his "official headquarters." Attorney General Opinion 075-275.