Mr. George Ralph Miller County Attorney Walton County Post Office Box 687 DeFuniak Springs, Florida 32433
Dear Mr. Miller:
This is in response to your request for an opinion on substantially the following question:
 IS THE BOARD OF COUNTY COMMISSIONERS ACCOUNTABLE FOR THE FUNDS IN THE SPECIAL LAW ENFORCEMENT TRUST FUND AND IN WHAT MANNER MAY SUCH FUNDS BE EXPENDED?
Your inquiry presumably concerns a special law enforcement trust fund established pursuant to s 932.704, F.S. (1982 Supp.), by the board of county commissioners with the proceeds from the sale of forfeited property by the sheriff's office. Section932.701-932.704, F.S., the Florida Contraband Forfeiture Act, provides the authority and procedures for the seizure and forfeiture of vessels, motor vehicles, aircraft or other personal property which have been used or are being used in violation of s932.702, F.S., to transport, conceal or possess contraband articles. See, s 932.701(2), F.S., defining "contraband articles." And see, s 932.703, F.S., authorizing the seizure of such property and providing that the rights and interests in and title to property seized under the act vest immediately in the state upon seizure subject only to perfection of title, rights and interests in accordance with the act; owner and lienholder interests in the seized property are, however, preserved under certain conditions. See also, s 932.704(2), F.S. (1982 Supp.). The state attorney within whose jurisdiction the property has been seized, or such attorney as may be employed by the seizing agency, is required to promptly proceed against such property to have the property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure. Section 932.704(1), F.S. (1982 Supp.). A final order of forfeiture by the court perfects the state's interests in and title to the property and relates back to the date of seizure.
After the forfeiture proceedings and the state has received title to the seized property, the head of the law enforcement agency, whenever he deems it necessary or expedient, may "sell the property forfeited rather than to retain it for the use of the law enforcement agency . . . [and] dispose of the property at public auction to the highest bidder for cash without appraisal." Section932.704(3)(a), F.S. (1982 Supp.). See, s 932.704(4), providing that upon the sale of such property, the state shall issue a title certificate to the purchaser; if the law enforcement agency elects to keep the titled property, the state shall issue the title certificate to the agency. The proceeds from the sale of forfeited property are first to be applied to (1) any lien preserved by the court in forfeiture proceedings, (2) the costs of storage, maintenance, security and forfeiture of such property incurred by the seizing agency, (3) the costs incurred by the state attorney, and (4) court costs. The remaining proceeds after payment of such costs are to be "deposited in a special law enforcement trust fund established by the board of county commissioners or the governing body of the municipality and shall be used for law enforcement purposes only." And see, s 932.704(3)(b), F.S. (1982 Supp.), providing that if more than one law enforcement agency was substantially involved in effecting the forfeiture, the court having jurisdiction over the forfeiture proceedings shall equitably distribute the property among the seizing agencies; "any forfeited money or currency, or any proceeds remaining after the sale of the property, shall be equitably distributed to the board of county commissioners or the governing body of the municipality having budgetary control over the seizing law enforcement agencies for deposit into the law enforcement trust fund established pursuant to [s 932.704(3)(a)]."
The special law enforcement trust fund established by the board of county commissioners pursuant to s 932.704(3)(a), F.S. (1982 Supp.), and funded by the remaining proceeds from the sale of forfeited property by the sheriff's office may only be used for law enforcement purposes and funds therefrom expended only upon appropriation to the sheriff's office by the county commission "to defray the costs of protracted or complex investigations, to provide additional technical equipment or expertise, to provide matching funds to obtain federal grants, or for such other law enforcement purposes as the board of county commissioners . . . deems appropriate and shall not be considered a source of revenue to meet normal operating needs". (e.s.) Cf., AGO 83-9 wherein this office stated that the board of county commissioners is not authorized to fund the costs of providing medical care and services to county prisoners at the county jail from the special law enforcement trust fund; furnishing of such medical attention and treatment to county prisoners is a continuing and ongoing or regular duty and function of the sheriff's office which is a normal operating cost of the county jail for which s 932.704 does not countenance the use of the funds from the special law enforcement trust fund. It appears clear from an examination of s932.704 that it is the board of county commissioners which is accountable for the special law enforcement trust fund; the special trust fund is established by the board which is vested with the exclusive authority to determine for what law enforcement purposes funds from the special trust fund are to be expended. Such expenditures from the trust fund, however, are limited to the purposes set forth in the statute, i.e., for law enforcement purposes. See generally, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (a legislative directive as to how a thing should be done is, in effect, a prohibition against it being done in any other way; where the Legislature has prescribed the mode, that mode must be observed); White v. Crandon, 156 So. 303 (Fla. 1934); First National Bank of Key West v. Filer, 145 So. 204 (Fla. 1933); State ex rel. Reno v. Barquet, 358 So.2d *3161 230 (3 D.C.A.Fla., 1978). Cf., Thayer v. State, 335 So.2d 815 (Fla. 1976) (when the statute enumerates the things upon which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
Section 932.704(5), F.S. (1982 Supp.), requires a sheriff receiving proceeds from the sale of forfeited property to submit a quarterly report specifying the amount of the proceeds received by his office to the board of county commissioners as the entity having budgetary control over the sheriff's office. See, s 30.49, F.S., as amended by Chs. 82-33 and 82-154, Laws of Florida, requiring the sheriff to submit a proposed budget of expenditures for carrying out the powers, duties and operations of his office for the ensuing fiscal year to the board. And see, s 129.021, F.S., requiring the budgets of all county officers submitted to the board of county commissioners to be in sufficient detail and contain such information as the county commission may require in carrying out its budgetary powers and responsibilities. See generally, s 129.03, F.S., as amended by Chs. 82-33 and 82-226, Laws of Florida, which sets forth the procedures for the preparation of county budgets. Cf., ss 218.31(1), 218.32, and218.33, F.S. Subsection (5) of s 932.704, however, provides that future forfeitures or the proceeds therefrom shall not be considered or anticipated by either the sheriff or the board of county commissioners in adopting and approving a budget for the sheriff's office. In light of the foregoing language and in the absence of a specific statutory provision to the contrary, it appears that the special trust fund should generally be handled in the same manner as are other budget funds pursuant to Ch. 129 and more specifically the sheriff's budget as provided therein and in s 30.49, as amended, subject to the limitations and restrictions placed upon the special trust fund by s 932.704(3)(a) and (5), i.e., that the fund shall be used only for law enforcement purposes and shall not be considered as revenue to meet the normal operating needs of the sheriff's office and that future or anticipated forfeitures or the proceeds therefrom shall not be considered in the preparation or the adoption and approval of the sheriff's budget.
In conclusion, I am of the opinion, unless and until judicially or legislatively determined otherwise, that the board of county commissioners is accountable for the special law enforcement trust fund established pursuant to s 932.704, F.S. (1982 Supp.), and is vested with the exclusive authority to determine for what law enforcement purposes funds from the special trust fund are to be expended. Such special trust fund should generally be handled in the same manner as other budget funds pursuant to Ch. 129 and s30.49, F.S., as amended, subject to the limitations and restrictions placed upon the special trust fund by s 932.704, F.S. (1982 Supp.), i.e., that the special fund be used only for law enforcement purposes and not be considered as revenue to meet normal operating needs of the sheriff's office.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General