Mr. Patrick L. Butler Attorney Department of Labor and Employment Security 2562 Executive Center Circle, East The Montgomery Building, Suite 131 Tallahassee, Florida 32399-0657
Dear Mr. Butler:
On behalf of the Asbestos Oversight Program Team,[1] you ask the following question:
 May a state agency indemnify or limit the liability of an architect or engineer in a contract to renovate a state-owned building that may contain asbestos, if the contract requires the architect or engineer to hire an asbestos consultant or previously undetected asbestos is discovered during the renovation?
In sum, I am of the opinion:
 While a state agency is statutorily authorized to indemnify an asbestos consultant for civil damages to third parties under the conditions specified in s. 255.559, F.S., a state agency is not authorized to indemnify or limit the liability of an architect or engineer who is not under contract to the state agency as an asbestos consultant.
Section 255.553, F.S. (1988 Supp.), requires "[e]ach state agency shall survey or cause to be surveyed for the presence of asbestos-containing materials each public building for which it is responsible.[2] Except as provided in s. 255.554,[3] the survey shall be conducted by an asbestos consultant licensed pursuant to ss. 455.301-455.309. . . ."[4] A state agency is required to initiate operation and maintenance plans, developed pursuant to a contract between the agency and the asbestos consultant, within 30 days of the identification of asbestos-containing materials.[5]
Section 255.559(1), F.S., provides:
 State agencies or political subdivisions may agree to hold harmless and indemnify an asbestos consultant who has a written contract with the state or a political subdivision for any civil damages to third parties:
 (a) That result from the acts or omissions of the asbestos consultant in carrying out the contract; and
 (b) That are caused by a discharge or release of asbestos or hazardous substance, pollutant, or other contaminant from a site upon which the asbestos abatement is being carried out.
 In determining whether to enter into a hold-harmless and indemnification agreement, the state agency must consider the availability of cost-effective insurance, the need for asbestos abatement and the availability of qualified asbestos consultants.[6]
 This office has previously stated that, absent express statutory authority, a state agency may not indemnify or limit the liability of independent contractors.[7] Section 255.559, F.S., provides limited authorization for state agencies to enter into such agreements with asbestos consultants under the conditions specified therein; it does not, however, grant an agency general authority to enter into such agreements.
 "Asbestos consultant" is defined by the act to mean "a person who conducts surveys for asbestos-containing materials and performs related tasks."[8] Such a definition would not appear to include an architect or engineer hired to renovate a state building. Nor does it appear that an agency would be authorized to indemnify an architect or engineer where the contract required the architect or engineer to hire an asbestos consultant. In providing the limited authorization for such agreements, s. 255.559(1), F.S., refers to an asbestos consultant "who has a written contract with the state or a political subdivision. . . ."
 Administrative agencies possess only such authority as have been expressly granted or necessarily implied from an express grant of power.[9] Moreover, the authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that which is authorized by law.[10]
 Accordingly, I am of the opinion that while a state agency is authorized to indemnify an asbestos consultant for civil damages to third parties under the conditions specified in s. 255.559, F.S., a state agency is not authorized to indemnify or limit the liability of an architect or engineer who is not under contract to the state agency as an asbestos consultant.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 255.565, F.S. (1988 Supp.), establishing the Asbestos Oversight Program Team (AOPT) which is responsible for asbestos policy development, regulatory review, asbestos training course approval and coordination with regional asbestos project managers and building contact persons on policy and procedures.
[2] See, s. 255.551(2), F.S. (1988 Supp.), as amended by s. 1, Ch. 89-329, Laws of Florida, defining "Asbestos" to mean the asbestiform varieties of chrysotile, crocidolite, amosite, anthophyllite, tremolite, and actinolite, but does not include bituminous resinous roofing products.
[3] Section 255.554, F.S. (1988 Supp.), provides that regional asbestos program managers shall review asbestos surveys completed prior to January 1, 1989, and shall approve those surveys found to be consistent with the Asbestos Identification and Remediation Plan.
[4] Section 255.553, F.S. (1988 Supp.), further provides that the survey be conducted in accordance with certain enumerated established procedures and guidelines and contain certain findings.
[5] Section 255.557, F.S. (1988 Supp.).
[6] Section 255.559(2), F.S.
[7] See, AGO 85-66 stating that in the absence of statutory authorization, a state agency may not enter into a limitation of remedies agreement whereby the contractor's liability for damages to the state for any cause and regardless of the form of action (with certain specified exceptions) is limited; and AGO 78-20 concluding that a state agency is not authorized to enter into indemnification contracts in the absence of statutory authorization. Cf., AGO 84-103 concluding that a municipality was prohibited from agreeing to indemnify a private for profit corporation for financial losses which might be suffered over the term of the agreement in the provision of emergency medical services to the inhabitants of a three county area.
[8] See, s. 255.551(3), F.S. (1988 Supp.). Compare, s. 255.551(4), F.S. (1988 Supp.), which defines "Asbestos contractor" as "a person who engages in the business of removing, encapsulating, and enclosing asbestos-containing materials and disposing of asbestos waste."
[9] See, e.g., State v. Atlantic Coast Line R. Co., 47 So. 969
(Fla. 1908); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed,300 So.2d 900 (Fla. 1974). And see, State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787
(1 D.C.A.Fla., 1982), pet. for rev. denied, 436 So.2d 98 (Fla. 1983) (administrative agencies may not expand their authority beyond that provided in statutory grant nor amend such provisions).
[10] First National Bank of Key West v. Filer, 145 So. 204, 207
(Fla. 1933); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (where the Legislature has prescribed the mode, that mode must be observed; when the controlling law directs how a thing shall be done that is, in effect, a prohibition against it being done in any other way).