Mr. Sidney L. Rosenbaum Councilman Fort Walton Beach City Council 207 Honeytree Lane, Southwest Fort Walton Beach, Florida 32548-5211
Dear Mr. Rosenbaum:
You ask substantially the following question:
 May a city councilmember who serves as a member of a community redevelopment agency established pursuant to Part III, Ch. 163, F.S., resign as a member of the community redevelopment agency?
In sum, I am of the opinion:
 A member of the governing body of a municipality is not authorized to resign from the board of commissioners of a community redevelopment agency established pursuant to Part III, Ch. 163, F.S., where the governing body of a municipality has designated itself as the head of the agency pursuant to s. 163.357, F.S.
You state that the Fort Walton Beach City Council serves as the head of the community redevelopment agency created pursuant to Part III, Ch. 163, F.S. You indicate that you are interested in resigning your position as a member of the community redevelopment agency while still retaining your position as city councilmember.
The Community Redevelopment Act of 1969, Part III, Ch. 163, F.S., (the act) was enacted to enable counties and municipalities to eliminate and prevent the development and spread of slums and urban blight and to encourage community redevelopment.[1] A municipality, upon a finding of necessity[2] and the need for an agency to function in the municipality to carry out the purposes set forth in the act, may create a body corporate and politic known as a "community redevelopment agency."[3] Such an agency constitutes a public instrumentality and the exercise of powers conferred by the act is deemed to be the performance of an essential public function.[4]
When the governing body of a municipality has adopted a resolution declaring the need for a community redevelopment agency, that body shall by ordinance appoint a board of commissioners as the governing body of the agency.[5] Alternatively, the governing body of the municipality may, at the time of adoption of the resolution or any time thereafter, declare itself to be the community redevelopment agency.[6] All the powers, rights, duties, privileges and immunities vested by the act in a community redevelopment agency are then vested in the governing body of the municipality.[7] It appears that the City Council of Fort Walton Beach has designated itself as the board of commissioners of the community redevelopment agency. While the agency constitutes a separate and distinct legal entity,[8] membership on the board of commissioners of the redevelopment agency is derived from membership on the city council. The city council is the board of commissioners and membership on the agency flows from membership on the council. City council members thus serve as the ex officio members of the redevelopment agency's board of commissioners.
Part III of Ch. 163, F.S., grants the municipal governing body the option of creating a community redevelopment agency upon making certain findings. The act prescribes with particularity the structural organization and powers of such agencies and the composition and number of its members and their terms of office. I find no provision of Part III, Ch. 163, F.S., however, granting an individual member of the governing body of a municipality, which has designated itself as the board of commissioners of the community redevelopment authority, the discretion or option of whether to serve as a member of that board.
The authority of public officers to proceed in a particular way or under specific conditions implies a duty not to proceed in any other manner than that which is authorized by law.[9]
Therefore, it appears that an individual would not be authorized to resign from one office and not the other. The two positions work in tandem; to be a member of the city council entails being a member of the board of commissioners of the redevelopment agency. Once the governing body has elected to serve as the board of commissioners for the community redevelopment agency, the individual members of the governing body of the municipality would appear to be bound by such an election.
Accordingly, I am of the opinion that a member of the governing body of a municipality is not authorized to resign from serving as head of the community redevelopment agency established pursuant to Part III, Ch. 163, F.S., where the governing body of a municipality has designated itself as the head of the agency pursuant to s. 163.357, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 163.335, F.S., setting forth the legislative findings and declarations of necessity.
[2] See, s. 163.355, F.S., setting forth the requirements for the finding of necessity.
[3] Section 163.356(1), F.S.
[4] Id.
[5] See, s. 163.356(2), F.S.
[6] Section 163.357(1), F.S.
[7] Id. See also, s. 163.357(1)(c), F.S., authorizing a governing body which consists of five members to appoint two additional persons to act as members of the agency and setting forth the terms of such appointed members.
[8] See, s. 163.357(1)(b), F.S., providing that in such cases, the members of the governing body shall be the agency but such members shall constitute the head of a legal entity, separate, distinct, and independent of the governing body of the municipality.
[9] First National Bank of Key West v. Filer, 145 So. 204, 207
(Fla. 1933) (where the Legislature has prescribed the mode, that mode must be observed). And see, AGO 84-74 (municipal governing body in establishing community redevelopment agency does not have authority to alter composition of board of commissioners of agency from that prescribed by statute). Cf., AGO 84-56 (where Legislature has prescribed term and cycle of membership of governing body of municipal housing authority, municipality has no authority to alter such terms); AGO 78-115.