Mr. Murray H. Dubbin Attorney for the City of North Bay Village 650 Rivergate Plaza 444 Brickell Avenue Miami, Florida 33131
Dear Mr. Dubbin:
You have asked substantially the following question:
 May the City of North Bay Village use funds received pursuant to the Florida Contraband Forfeiture Act, ss. 932.701-932.704, F.S., to provide supplements to tuition for recruits trained by the police academy and to augment salaries to attract more qualified persons for employment with the city police department?
In sum, I am of the following opinion:
 Augmenting salaries of police officers would appear to be a normal operating need of the police department and not a permissible use of forfeiture funds. Paying tuition supplements to recruits trained by the police academy would also appear to be a normal operating expense of the department and, therefore, not payable from contraband forfeiture trust funds.
The head of a law enforcement agency effecting forfeiture of personal property seized pursuant to the Florida Contraband Forfeiture Act[1] may sell or otherwise salvage or transfer such property to any public or nonprofit organization rather than retaining it "for the use of the law enforcement agency."[2]
When forfeited property is sold, the proceeds of sale are applied first to any preserved lien balances, then to various costs incurred in connection with the forfeiture proceedings. Section932.704(3)(a), F.S., provides:
 [S]uch proceeds and interest earned therefrom shall be used for school resource officer, crime prevention, or drug education programs or for other law enforcement purposes. . . . Such funds may be expended only to defray the costs of protracted or complex investigations; to provide additional technical equipment or expertise, . . . to provide matching funds to obtain federal grants; . . . or such other law enforcement purposes as the board of county commissioners or governing body of the municipality deems appropriate and shall not be a source of revenue to meet normal operating needs of the law enforcement agency. (e.s.)
The statute thus authorizes the governing body of a municipality to use forfeiture trust funds only for such "law enforcement purposes" as it deems appropriate. The determination as to whether an expenditure is for a law enforcement purpose is one which the governing body of the municipality must make. Such funds, however, may not be used as a source of revenue to meet normal operating needs of the law enforcement agency.[3]
This office has previoulsy considered what expenditures are permissible under s. 932.704, F.S. In AGO 86-48, it was concluded that a county was not authorized to expend funds from a forfeiture trust fund to construct a building to be used by the sheriff's department to store evidence. Since providing storage space for evidence was one of the normal operating needs of the sheriff in carrying out his duties and represented a continuing, ongoing or regular duty or function of the sheriff's office, such activity was not an extraordinary purpose beyond which was usual, normal, or regular. Monies from the forfeiture trust fund could not, therefore, be expended for that purpose.[4]
Similarly, in AGO 83-9, this office concluded that the forfeiture trust fund could not be used to compensate a physician's assistant for rendering medical services to prisoners at the county jail. Since medical treatment for county prisoners is a continuing and regular duty of the sheriff's office and a normal operating expense of running the jail, forfeiture trust fund monies could not be expended for such purpose.
Inasmuch as the payment of salaries of police personnel would appear to be a normal operating expense of the municipal police department, forfeiture trust funds may not be used to augment such salaries.
The use of forfeiture funds to supplement tuition of recruits at the police academy would depend upon whether such expenditures are a normal operating expense of the police department. Recruitment of cadets to perform normal law enforcement duties would appear to be a recurring and routine activity of a law enforcement agency. While you state that presently the city does not pay tuition supplements to recruits, expenses such as tuition supplements to attract cadets for employment would result form the normal operating need of hiring new law enforcement personnel. It would appear, therefore, that tuition supplements are within the normal operating needs of a law enforcement agency when used in the recruitment of individuals to perform regular, day-to-day law enforcement duties. As such, tuition supplements for cadets may not be paid from the contraband forfeiture trust fund.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Sections 932.701-932.704, F.S.
[2] Section 932.704(3)(a), F.S.
[3] See generally, Alsop v. Pierce, 19 So.2d 799 (Fla. 1944) (a legislative directive as to how a thing should be done is, in effect, a prohibition against its being done in any other way); First National Bank of Key West v. Filer, 145 So. 204 (Fla. 1933) (the authority of public officers to proceed in a particular way and only upon certain conditions as to such matters implies a duty not to proceed in any manner other than that which is authorized by law).
[4] See also, AGO 84-69 (purchase and installation or maintenance of traffic signal devices are not "law enforcement purposes" for the purposes of s. 932.704[3][a], F.S.).