Frank S. Bartolone City Attorney City of Boca Raton
QUESTION: In the event the city commission appoints itself as the Community Redevelopment Agency pursuant to s. 163.357, F.S., does the mayor automatically become chairman of the agency or may the commission as head of the agency appoint its own chairman?
SUMMARY: A city commission declaring itself to be a Community Redevelopment Agency is a separate, distinct and independent legal entity the chairman and vice chairman of which are designated by the city commission.
The Community Redevelopment Act of 1969, Part III, Ch. 163, F.S., was enacted to enable counties and municipalities to eliminate and prevent the development and spread of slums and urban blight and to encourage community redevelopment.[1].
Section 163.356, F.S., authorizes a municipality to create a community redevelopment agency when it finds that slum or blighted areas or areas with a shortage of affordable housing exist in the municipality and that the rehabilitation, conservation or redevelopment of such areas is necessary in the interest of the public health, safety, morals, or welfare of the municipality's residents.[2] When the governing body of the municipality adopts a resolution declaring the need for a community redevelopment agency, that body, by ordinance, must appoint a board of not fewer than five or more than seven commissioners of the community redevelopment agency.[3]
The governing body of the municipality also must designate a chairman and vice chairman from among the commissioners.[4]
As an alternative to appointment of a board of commissioners, the governing body may by adoption of a resolution declare itself to be a community redevelopment agency. In such cases all rights, powers, duties, privileges, and immunities vested by Part III, Ch.163, F.S., in an agency are vested in the governing body of the municipality[5] Section 163.357(1)(b), F.S., provides:
 The members of the governing body shall be the members of the agency, but such members constitute the head of a legal entity, separate, distinct, and independent from the governing body of the county or municipality. If the governing body declares itself to be an agency which already exists, the new agency is subject to all of the responsibilities and liabilities imposed or incurred by the existing agency. (e.s.)
Furthermore, a governing body consisting of five members may appoint two additional persons to act as members of the agency.[6]
In AGO 84-74, this office concluded that a city commission was not authorized to alter the composition of a community redevelopment agency or to increase or decrease the number or ratio of its members, given the specific statutorily prescribed organization and powers of such agencies.[7]
Likewise, the appointment of the chairman and vice chairman by the governing board of the municipality is statutorily prescribed and may not be altered by ordinance.[8] I find no provision in Part III, Ch. 163, F.S., which authorizes or otherwise empowers the automatic assumption of the chairmanship by the mayor. Furthermore, the community redevelopment agency has not been granted the authority to appoint its chairman or vice chairman.[9]
Accordingly, it is my opinion that the city commission much designate the chairman and vice chairman of the community redevelopment agency, regardless of whether the commission has designated itself as the community redevelopment agency.
[1] See, s. 163.335, F.S., setting forth legislative findings and declarations of necessity.
[2] See, s. 163.355, F.S.
[3] Section 163.356(2), F.S.
[4] Section 163.356(3)(c), F.S.
[5] Section 163.357(1)(a), F.S.
[6] Section 163.357(1)(c), F.S.
[7] Citing, First Nat. Bank of Key West v. Filer, 145 So. 204,207 (Fla. 1933) (authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that which is authorized by law).
[8] See, city of Miami Beach v. Rocio Corp.,404 So.2d 1066, 1069-1070 (3 D.C.A. Fla., 1981), petition for reviewdenied, 408 So.2d 1092 (Fla. 1981) (municipal ordinances may not conflict with state law).
[9] While a governing body may appoint itself as the community redevelopment agency and designate the agency's chairman and vice chairman, the designation of the chairman and vice chairman is done so in its capacity as the governing body of the municipality, not as the community redevelopment agency.