Mr. Gordon B. Linn Pompano Beach City Attorney Post Office Box 2081 Pompano Beach, Florida 33061
Dear Mr. Linn:
On behalf of the city commission, you ask substantially the following question:
When the city commission has designated itself as the governing body of the community redevelopment agency, may the city commission remove one of its members from the community redevelopment agency or may the member resign from the governing body of the community redevelopment agency while still retaining his or her seat on the city commission?
In sum:
Where the city commission is serving as the ex officio governing body of the community redevelopment agency, the city commission cannot remove one of its members only from the community redevelopment agency nor may the member resign from the community redevelopment agency while still retaining his or her seat on the city commission.
The Community Redevelopment Act, Part III, Chapter 163, Florida Statutes, was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, encourage needed community redevelopment, and provide for the redevelopment of slums and blighted areas.[1] Upon making the requisite findings, a county or municipality is authorized to create a community redevelopment agency to carry out the purposes set forth in the act.[2]
The act prescribes with particularity the structural organization and powers of such agencies and the composition, number, and terms of office of the members thereof. Section 163.356(2), Florida Statutes, provides that the governing body of the county or municipality creating the community redevelopment agency shall appoint by ordinance a board of commissioners for the agency "which shall consist of not fewer than five or more than seven commissioners." The governing body of the county or municipality is authorized to remove a commissioner "for inefficiency, neglect of duty, or misconduct in office only after a hearing and only if he or she has been given a copy of the charges at least 10 days prior to such hearing and has had an opportunity to be heard in person or by counsel."[3]
As an alternative to the appointment of a board of commissioners, the governing body may by adoption of a resolution declare itself to be a community redevelopment agency.[4] In such cases all rights, powers, duties, privileges, and immunities vested by Part III, Chapter 163, Florida Statutes, in the community redevelopment agency are vested in the governing body of the municipality.[5]
According to your letter, the Pompano Beach City Commission has exercised that option and designated itself to be the community redevelopment agency. Since the city commission consists of only five members, the city commission has appointed two additional persons pursuant to section 163.357, Florida Statutes, which provides:
"A governing body which consists of five members may appoint two additional persons to act as members of the community redevelopment agency. The terms of office of the additional members shall be for 4 years, except that the first person appointed shall initially serve a term of 2 years. Personsappointed under this section are subject to all provisions of thispart relating to appointed members of a community redevelopmentagency."[6] (e.s.)
In light of the above emphasized language, it appears clear that the two persons appointed to serve with the governing body are subject to removal by the city commission pursuant to section163.356(4), Florida Statutes, for inefficiency, neglect of duty or misconduct. According to your letter, however, it is not the two appointed members causing the city commission concern, but two members of the city commission. You state that the two commissioners have a personal conflict with the time of the community redevelopment agency meetings and have, therefore, been absent from such meetings. It is presumed that the city commission has already explored the possibility of changing the time of such meetings to accommodate all members of the commission.
Part III, Chapter 163, Florida Statutes, permits the city to either designate itself as the board of commissioners or appoint the board in accordance with the provisions of section 163.356, Florida Statutes. By designating itself rather than appointing a governing body, the city commission performs ex officio the functions of the board of commissioners of the community redevelopment agency. Although the community redevelopment agency is a separate entity from the city commission, the city commission's service as the governing body of the agency is viewed as an addition to the existing duties of the city commission.[7]
As this office stated in Attorney General Opinion 89-60,
"The two positions work in tandem; to be a member of the city council entails being a member of the board of commissioners of the redevelopment agency. Once the governing body has elected to serve as the board of commissioners for the community redevelopment agency, the individual members of the governing body of the municipality would appear to be bound by such an election."[8]
Thus, this office concluded that a member of a city council that had designated itself as the community redevelopment agency pursuant to section 163.357, Florida Statutes, could not resign as a community redevelopment agency commissioner and still retain his or her position on the city council. Similarly, in Attorney General Opinion 97-04, this office concluded that a city commissioner may not also serve as a commissioner of a redevelopment agency unless the entire city commission that created the redevelopment agency declares itself to be the governing body of the redevelopment agency in accordance with section 163.357, Florida Statutes.
Thus, either the entire governing body of the city must serve as the community redevelopment agency's board of commissioners, or it must appoint a board of commissioners in accordance with section163.356, Florida Statutes. While section 163.357(1)(c), Florida Statutes, permits a city's governing body to appoint two additional members when the governing body consists of only five members, it does not provide for, or otherwise authorize, the board to appoint individuals to replace members of the governing body on the board of commissioners.
Accordingly, I am of the opinion that when the city commission has designated itself and serves as the ex officio governing body of the community redevelopment agency, the city commission cannot remove one of its members only from the community redevelopment agency nor may the member resign from the community redevelopment agency while still retaining his or her seat on the city commission.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 163.335, Fla. Stat., setting forth the legislative findings and declarations of necessity.
[2] See, ss. 163.355 and 163.356, Fla. Stat., providing for the finding of necessity by the county or municipality and the creation of the community redevelopment agency.
[3] Section 163.356(4), Fla. Stat.
[4] Section 163.357(1)(a), Fla. Stat.
[5] See, s. 163.357(1)(b), Fla. Stat., providing:
"The members of the governing body shall be the members of the agency, but such members constitute the head of a legal entity, separate, distinct, and independent from the governing body of the county or municipality. If the governing body declares itself to be an agency which already exists, the new agency is subject to all of the responsibilities and liabilities imposed or incurred by the existing agency."
[6] Section 163.357(1)(c), Fla. Stat.
[7] See generally, State v. Florida State Turnpike Authority,80 So.2d 337 (Fla. 1955); City of Riviera Beach v. Palm Beach SolidWaste Authority, 502 So.2d 1335 (Fla. 4th DCA 1987); City ofOrlando v. State Department of Insurance, 528 So.2d 468 (Fla. 1st DCA 1988), concluding that the legislative designation of an officer to perform ex officio the functions of another or additional office does not violate the dual officeholding prohibition, provided that the duties imposed are consistent with those already being exercised; instead the duties are viewed as an addition to the existing duties of the officer.
[8] See, Op. Att'y Gen. Fla. 84-74 (1984) (a municipal governing body establishing a community redevelopment agency does not have the authority to alter the composition of the board of commissioners from that prescribed by statute). And see, FirstNational Bank of Key West v. Filer, 145 So. 204 (Fla. 1933); Alsopv. Pierce, 19 So.2d 799, 805 (Fla. 1944) (when the Legislature has prescribed the mode, that mode must be followed); Thayer v.State, 335 So.2d 815, 817 (Fla. 1976).