Dear Mr. Shuler and Mr. Armstrong:
On behalf of the Franklin County Board of County Commissioners and the Lanark Village Water and Sewer District, you have asked for my opinion on substantially the following questions:
1. Can Franklin County expand the membership of the board of the Lanark Village Water and Sewer District from three members to five?
2. Can the Franklin County Board of County Commissioners act as theex officio governing board of the Lanark Village Water and Sewer District pursuant to section 153.60, Florida Statutes?
3. What is the procedure for dissolution of the Lanark Village Water and Sewer District?
According to information supplied to this office, the Lanark Village Water and Sewer District was created by county order in 1973 utilizing the provisions of Part II, Chapter 153, Florida Statutes.[1] The district is located within an unincorporated area of Franklin County and is an independent special district.[2]
Questions One and Two
Your first two questions deal with the relationship between the Franklin County Board of County Commissioners and the Board of Commissioners of the Lanark Village Water and Sewer District and will be answered together.
The County Water and Sewer District Law, sections 153.50 — 153.88, Florida Statutes, authorizes the board of county commissioners of any county to establish one or more districts as it deems necessary for the public interest in the unincorporated areas of the county. At the time the board fixes the date for an election to determine if a district is to be established, it may also call an election for three persons to serve as commissioners of the proposed district.[3]
The district is established "upon a favorable vote in person or by proxy of the owners of 50 percent or more of the property within the district, and the three persons receiving the highest number of votes cast for candidates shall be elected commissioners of the district until their successors are elected."[4] Section 153.53(7), Florida Statutes, provides that the powers and duties of the elected commissioners of the district shall be the same as those of county commissioners supervising districts as provided for under subsection (1) of this section.
Among the powers district boards are authorized to exercise are the powers:
"(3) To construct, install, erect, acquire and to operate, maintain, improve, extend, or enlarge and reconstruct a water system or a sewer system or both within said district and the environs thereof and to have the exclusive control and jurisdiction thereof; to issue its general obligation bonds, revenue bonds or assessment bonds, or any combination of the foregoing, to pay all or part of the cost of such construction, reconstruction, erection, acquisition or installation of such water system, sewer system or both. . . .
(4) To levy and assess ad valorem taxes without limitation of rate or amount on all taxable property within said district for the purpose of paying principal of and interest on any general obligation bonds which may be issued for the purposes of this law. . . . (5) To regulate the use of sewers and the supply of water within the district and to prohibit the use and maintenance of outhouses, privies, septic tanks or other unsanitary structures or appliances.
(6) To fix and collect rates, fees and other charges to persons or property or both for the use of the facilities and services provided by any water system or sewer system or both and to fix and collect charges for making connections with any such water system or sewer system and to provide for reasonable penalties on any users or property for any such rates, fees or charges that are delinquent.
(7) To acquire in the name of the district by purchase, gift or the exercise of the right of eminent domain, such lands and rights and interest therein, including lands under water and riparian rights and to acquire such personal property as it may deem necessary in connection with the construction, reconstruction, improvement, extension, installation, erection or operation and maintenance of any water system or sewer system or both and to hold and dispose of all real and personal property under its control; provided, however nothing herein contained shall authorize the power of eminent domain to be exercised beyond the limits of the district.
(8) To exercise exclusive jurisdiction, control and supervision over any water system or sewer system or both, or any part thereof owned, operated and maintained by the district and to make and enforce such rules and regulations for the maintenance and operation of any water system or sewer system or both as may be, in the judgment of the district board, necessary or desirable for the efficient operation of any such systems or improvements in accomplishing the purposes of this law.
* * * *
(10) To join with any other district or districts, cities, towns, counties or other political subdivisions, public agencies or authorities in the exercise of common powers.
(11) To contract with municipalities or other private or public corporations or persons to provide or receive a water supply or for sewage disposal, collection or treatment."[5]
District commissioners are paid $5.00 a day for each day of their service and must be reimbursed for travel expenses. The statute requires that "[a]ll boards of commissioners shall hold regular monthly meetings, and special meetings as needed, in the courthouse or in an appropriate place within the district."[6]
The "County Water and Sewer District Law" was originally enacted in 1959[7] and included provisions authorizing the board of county commissioners of the county in which any district was created to serve as the ex officio governing board of the district.[8] Amendments in 1970 to section 153.53, Florida Statutes, provided an alternative method of establishing a water and sewer system district authorizing an election for a board of commissioners for the district.[9] These amendments made in 1970 were the provisions relied upon by Franklin County to create the Lanark Village Water and Sewer District and control the continued operation of the district.[10]
It is a general rule of statutory construction that a legislative direction as to how a thing is to be done is, in effect, a prohibition against it being done in any other way.[11] As an alternative method for establishing a water and sewer system district, it does not appear the provisions of Part II, Chapter 153, which authorized the board of county commissioners to serve as the ex officio board of the district would continue to be effective once the voters elected a district board utilizing the provisions of section 153.53(2)(a), Florida Statutes.
Further, I find no provision in Part II, Chapter 153, Florida Statutes, which delegates the authority or otherwise authorizes or empowers the county commission to alter the statutorily prescribed composition of the water and sewer district or to increase or decrease the number of members of the agency's governing body.[12]
Accordingly, it is my opinion that the Franklin County Commission has no authority to expand the membership of the Board of Commissioners of the Lanark Village Water and Sewer District. Further, the Franklin County Commission may not act as the ex officio governing board of the Lanark Village Water and Sewer District.
Question Three
Your third question relates to the procedure for dissolving the Lanark Village Water and Sewer District. Neither Part II, Chapter 153, Florida Statutes, nor the Franklin County legislation creating the water and sewer district provide a procedure for the dissolution of the district.
However, Chapter 189, Florida Statutes, the "Uniform Special District Accountability Act of 1989,"[13] provides generally for the definition, creation, and operation of special districts. The Legislature's intent in adopting this chapter was to provide one centralized location for all legislation governing special districts.[14]
Section 189.403(1), Florida Statutes, defines "[s]pecial district" for purposes of Chapter 189 to mean:
"a local unit of special purpose, as opposed to general-purpose, government within a limited boundary, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The special purpose or purposes of special districts are implemented by specialized functions and related prescribed powers. . . . The term does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality."
The Lanark Village Water and Sewer District would appear to fall within the definition of "special district" contained in section189.403(1), Florida Statutes.
Section 189.403(2) defines "[d]ependent special district" as a special district that meets at least one of the following criteria:
"(a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality.
(b) All members of its governing body are appointed by the governing body of a single county or a single municipality.
(c) During their unexpired terms, members of the special district's governing body are subject to removal at will by the governing body of a single county or a single municipality.
(d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality."
An "[i]ndependent special district" means a special district that is not a dependent special district as defined in subsection (2) above.[15] It would appear that the Lanark Village Water and Sewer District, as currently constituted, is an independent special district within the scope of the Uniform Special District Accountability Act. Indeed, the Lanark Village Water and Sewer District is listed on the Official List of Special Districts as an independent special district by the Department of Community Affairs.[16]
Section 189.402(5), Florida Statutes, provides that:
"It is the legislative intent and purpose, based upon, and consistent with, its findings of fact and declarations of policy, to authorize a uniform procedure by general law to create an independent special district as an alternative method to manage and finance basic capital infrastructure, facilities, and services. It is further the legislativeintent and purpose to provide by general law for the uniform operation,exercise of power, and procedure for termination of any such independentspecial district." (e.s.)
The act provides for the dissolution of special districts in section189.4031, Florida Statutes, and requires that all special districts, regardless of other more specific provisions of applicable law, must comply with the dissolution requirements set forth in Chapter 189.[17]
Section 189.4042, Florida Statutes, provides merger and dissolution procedures for both dependent and independent special districts. Subsection (2) of the statute states, in part, that
"[i]f an independent district was created by a county or municipality by referendum or any other procedure, the county or municipality that created the district may merge or dissolve the district pursuant to the same procedure by which the independent district was created.However, for any independent district that has ad valorem taxationpowers, the same procedure required to grant such independent districtad valorem taxation powers shall also be required to dissolve or mergethe district." (e.s.)
The Lanark Village Water and Sewer District was created by freeholder election, as prescribed by section 153.53, Florida Statutes.[18] The district is authorized to impose ad valorem taxes both by the terms of the Franklin County order and by statute.[19] Any levy of ad valorem taxes pursuant to section 153.68, Florida Statutes, is related to the issuance of bonds which must be "approved at an election of the qualified electors who are freeholders residing in said district, such election to be called, noticed and conducted in the manner provided in the constitution and statutes of Florida for freeholder elections.:[20] Based on the requirements of section 189.4042(2), Florida Statutes, it appears that a freeholder election is required to dissolve an independent district with ad valorem taxing powers.
Therefore, it is my opinion that the Lanark Village Water and Sewer District may be dissolved through a referendum election of freeholders on the question of dissolution.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See, In Re: Lanark Village Water and Sewer District, Petition forthe Establishment of the Lanark Village Water and Water [sic] and SewerDistrict in an Unincorporated Area of Franklin County and ResolutionBoard of County Commissioners Franklin County dated October 17, 1973; and Order Establishing Lanark Village Water and Sewer District, dated November 6, 1973.
[2] See Department of Community Affairs, Division of Housing and Community Development, Special Districts Detail Report, Lanark Village Water Sewer District.
[3] Section 153.53(3)(a), Fla. Stat.
[4] Section 153.53(3)(d), Fla. Stat.
[5] Section 153.62, Fla. Stat.
[6] Section 153.53(8), Fla. Stat.
[7] See Ch. 59-466, Laws of Fla.
[8] See s. 11, Ch. 59-466, Laws of Fla., and s. 153.60, Fla. Stat.
[9] See s. 1, Ch. 70-433, Laws of Fla.
[10] See Franklin County documents. supra n1.
[11] Thayer v. State, 335 So. 2d 815 (Fla. 1976) and Alsop v.Pierce, 19 So. 2d 799 (Fla. 1944).
[12] See generally First National Bank of Key West v. Filer,145 So. 204, 207 (Fla. 1933) (authority of public officers to proceed in a particular way or only upon specific conditions implies a duty not to proceed in any other manner than that which is authorized by law); Alsop v. Pierce, 19 So. 2d 799 (Fla. 1944). Cf., Ops. Att'y Gen. Fla. 84-74 (1984) in which this office concluded that a municipality in establishing a community redevelopment agency pursuant to Part III, Ch.163, Fla. Stat., did not have the authority to alter the composition of the board of commissioners of the agency from that prescribed by the statute; 78-115 (where Legislature had prescribed the structural organization of industrial development authorities and composition, terms and cycles of office of members, the board of county commissioners was precluded from altering composition or number of authority members).
[13] Section 189.401, Fla. Stat.
[14] Section 189.402 (1) and (2), Fla. Stat.
[15] Section 189.403(3), Fla. Stat.
[16] See n. 2, supra.
[17] Section 189.4031(1), Fla. Stat.
[18] See s. 153.53(3)(e), Fla. Stat., which provides that "only persons owning property within the district shall be qualified to vote. Such vote shall be in person or by proxy. No proxy shall be effective unless acknowledged by a notary public.:
[19] See ss. 153.62(4) and153.68(1), Fla. Stat., and Section 9,Petition for the Establishment of the Lanark Village Water and Water[sic] and Sewer District in an Unincorporated Area of FranklinCounty.
[20] Section 153.68(1), Fla. Stat.